Betty G. JENSEN, Plaintiff-Appellant,

BLUE CROSS-BLUE SHIELD UNITED OF WISCONSIN and Administrator of Health Care Financing Administration, Plaintiffs,

v.

MILWAUKEE MUTUAL INSURANCE COMPANY, Defendant-Respondent,

HERITAGE MUTUAL INSURANCE COMPANY, Defendant.

Court of Appeals

*No. 95–2042. Submitted on briefs July 12, 1996.—Decided August 28, 1996.*

(Also reported in 554 N.W.2d 232.)

232

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *John G. Shannon* of *Coates, Dye, Foley & Shannon, S.C.* of Racine.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Russell Ware* of *Querrey & Harrow* of Racine.

Before Brown, Nettesheim and Snyder, JJ.

NETTESHEIM, J.  At summary judgment, the trial court dismissed Betty G. Jensen's negligence action against Milwaukee Mutual Insurance Company because a jury in a prior action commenced by Betty's husband had absolved Milwaukee Mutual's insured, Eric Fortlage, of any causal negligence.[1] Even though Betty was not a party to the prior action, we hold that she had sufficient identity of interest in the prior action such that she was properly bound by the prior jury determination. We therefore affirm the trial court's judgment dismissing Betty's action on the basis of issue preclusion.

The parties stipulated to the relevant facts. On May 16, 1991, Betty was a passenger in a vehicle operated by her husband, Wally. They collided with a truck operated by Fortlage. Both Betty and Wally were injured. Wally sued Fortlage and Milwaukee Mutual for his damages, alleging that Fortlage's negligence had caused the accident. Betty did not join in this action as a party plaintiff. However, she testified as a witness in Wally's behalf and she was present in the courtroom throughout the proceedings. The jury absolved Fortlage of any negligence. Instead, the jury determined that Wally was causally negligent.

---

[1] The trial court also dismissed Betty's action against Fortlage's employer, Hilger Minnow Ranch, Inc.

Betty then brought this action against Milwaukee Mutual and Heritage Mutual Insurance Company, Wally's liability insurer. Milwaukee Mutual moved for summary judgment, arguing that Betty's interest in the prior action was sufficiently linked to Wally's such that her action in the instant case should be precluded. Betty responded that principles of fundamental fairness entitled her to prosecute this action. The trial court held that Betty's action was barred. Betty appeals.

## DISCUSSION

We begin by noting the distinction between claim preclusion and issue preclusion. The term "claim preclusion" replaces the traditional concept of res judicata. *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723, 727 (1995). "[U]nder claim preclusion, ' "a final judgment is conclusive in all subsequent actions between the same parties [or their privies] as to all matters litigated or which might have been litigated in the former proceedings." ' " *Id*. (quoted source omitted).

"Issue preclusion" replaces the traditional concept of "collateral estoppel." *Id*. Issue preclusion forecloses relitigation in a subsequent action of an issue of law or fact that has been actually litigated and decided in a prior action and reduced to judgment. *See id*. Unlike claim preclusion, an identity of parties is not required in issue preclusion. *Id*. at 550-51, 525 N.W.2d at 727. Issue preclusion is a narrower doctrine than claim preclusion and requires a court to conduct a "fundamental fairness" analysis before applying the doctrine. *Id*. at 551, 525 N.W.2d at 727.

The question in this case concerns the effect of the prior jury determination that Fortlage was not negligent. Thus, the question is one of issue preclusion—not claim preclusion. As noted, issue preclusion does not require an identity of parties. *Id.* at 550-51, 525 N.W.2d at 727. Whether the trial court correctly dismissed Betty's complaint on grounds of issue preclusion presents a question of law which this court reviews without deference to the trial court. *See Lindas v. Cady*, 183 Wis. 2d 547, 552, 515 N.W.2d 458, 460 (1994) (the application of preclusion doctrines to a given set of facts is a question of law).

On a threshold basis, Betty argues that Wisconsin law does not recognize the defensive use of issue preclusion against a plaintiff who was not a party plaintiff in the prior action. We disagree. Although the defensive use of issue preclusion against a nonparty in the former action has never been successfully used in any reported appellate decision, its potential use has been recognized. *See Michelle T. v. Crozier*, 173 Wis. 2d 681, 684 n.1, 495 N.W.2d 327, 328 (1993). In *Mayonia M.M. v. Keith N.*, 202 Wis. 2d 461, 551 N.W.2d 31 (Ct. App. 1996), although concluding that defensive issue preclusion should not apply in that case, the court of appeals explained how issue preclusion operates in both an offensive and defensive setting:

> [O]ffensive issue preclusion occurs when the plaintiff seeks to foreclose a defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party. Defensive use occurs when a defendant seeks to prevent a plaintiff from asserting a claim that the plaintiff

has previously litigated and lost against another defendant.

*Id.* at 469, 551 N.W.2d at 34 (citations omitted).

On its face, this language envisions the plaintiff in the instant action having litigated the same issue against a different defendant in the prior case. That is not the situation here since Betty was not a plaintiff in the prior action. However, *Mayonia M.M.* also extends the concept of plaintiff in the prior action to those additional persons who had a "sufficient identity of interest" with the party such that their interests are deemed to have been litigated in the prior action. *Id.* at 469, 551 N.W.2d at 35. Absent such identity of interest, "[i]t is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard." *Id.* (quoted source omitted).

We therefore reject Betty's threshold contention that Wisconsin law does not recognize defensive use of issue preclusion against a plaintiff who was not a party in the prior action.

However, before a court may employ defensive issue preclusion against a nonparty in the prior action, the court must apply the test of "fundamental fairness." *Northern States Power*, 189 Wis. 2d at 551, 525 N.W.2d at 727; *see also Michelle T.*, 173 Wis. 2d at 687-88, 495 N.W.2d at 330.[2] This involves a consideration of some, or all, of the following factors: (1) could the party against whom preclusion is sought, as a matter of

---

[2] In *Michelle T. v. Crozier*, 173 Wis. 2d 681, 495 N.W.2d 327 (1993), the supreme court used federal case law to illustrate the evolution of the "fundamental fairness" standard. *Id.* at 689-90, 495 N.W.2d at 331.

law, have obtained review of the judgment; (2) is the question one of law that involves two distinct claims or intervening contextual shifts in the law; (3) do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issue; (4) have the burdens of persuasion shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; or (5) are matters of public policy and individual circumstances involved that would render the application of collateral estoppel to be fundamentally unfair, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action? *Michelle T.*, 173 Wis. 2d at 688-89, 495 N.W.2d at 330-31.

We now address these factors:

1. Review of the judgment: Betty could not have obtained review of the judgment in the initial action because she was not a party. This factor favors Betty and argues against issue preclusion.

2. Question of law involving distinct claims or intervening shifts in the law: While the claim in the prior litigation was Wally's and here it is Betty's, the central issue in the prior case was Fortlage's negligence. Betty's action relitigates this same issue.[3] Moreover, there have been no intervening changes in the law of negligence which would suggest a different strategy in litigating that issue or a different jury

[3] Wally's negligence was also litigated in the prior case. It will be relitigated in this case since Betty has also sued Heritage, Wally's insurer. Even if she had not sued Heritage, Wally's negligence would still be compared with Fortlage's. *See Pierringer v. Hoger*, 21 Wis. 2d 182, 192, 124 N.W.2d 106, 112 (1963).

answer. This factor favors Milwaukee Mutual and argues for issue preclusion.

3. Quality or extensiveness of the prior proceedings: As noted above, the issue of Fortlage's negligence was the focus of the prior proceeding. It was fully litigated, and there is no suggestion that the witnesses or evidence in this case on that question would be any different. Moreover, Betty actively participated in the prior action as a critical witness, was present throughout the proceedings and has utilized the same counsel who represented Wally. This factor favors Milwaukee Mutual and argues for issue preclusion.

4. Burden of proof or persuasion: It is inappropriate to apply issue preclusion if the burden of proof was lesser in the first action than in the second. *See Crowall v. Heritage Mut. Ins. Co.*, 118 Wis. 2d 120, 126 n.5, 346 N.W.2d 327, 331 (Ct. App. 1984). However, in this case, Betty would have to establish Fortlage's negligence by meeting the same burden of proof which Wally failed to meet in the prior action. Wally had as strong a motive to carry that burden in his case as Betty would in this case. This factor favors Milwaukee Mutual and argues for issue preclusion.

5. Public policy and individual circumstances: As noted, Wisconsin case law has already recognized the potential for defensive use of issue preclusion against a nonparty to the prior action. *Michelle T.*, 173 Wis. 2d at 684 n.1, 495 N.W.2d at 328; *Mayonia M.M.*, 202 Wis. 2d at 469, 551 N.W.2d at 34–35. This answers the public policy consideration.

As to the individual circumstances of this case, we repeat what we already have noted. As evidenced by her important role and obvious interest in the prior proceeding, Betty had adequate opportunity and incentive to obtain a full and fair adjudication of her

negligence claim against Fortlage in that action. Her choice of the same counsel who represented Wally in the prior action indicates that she approves of the tactics and strategy employed in that action. Betty points to nothing which suggests that the evidence or legal strategy would be any different in this action.

Betty also argues that she should not be held to issue preclusion because of tactical considerations. She notes that she gave testimony favorable to Wally in the prior action. If she had joined that action as a plaintiff and sued Fortlage and Wally, she correctly observes that her testimony would have contradicted her action against Wally. Nonetheless, we are not persuaded by this argument. Betty appears to believe that she is entitled to testify in one fashion when she is a nonparty witness, but to tailor and adjust her testimony in a later action when she is a party witness. Betty's eyewitness testimony should remain the same regardless of whether she is testifying on behalf of Wally or in support of her own claim.[4]

We therefore conclude that the fifth factor under *Michelle T.* also favors Milwaukee Mutual and argues for issue preclusion.

In making our ultimate determination, we keep in mind the various interests of the judicial system and the parties. The judicial system seeks finality and efficient use of its resources. The prevailing party in the prior action should not be subjected to repeated litiga-

---

[4] We note that Betty argued in the trial court that she chose not to join as a party to the first action because she had not yet completed her healing process and because she and Wally were having marital problems. She repeats these arguments on appeal. However, these "facts" are not included in the parties' stipulated facts which they presented to the trial court for purposes of the summary judgment proceeding.

tion of an issue which has already been fully tried and decided. And, the party in the instant action should be given every reasonable opportunity to his or her day in court. *See Michelle T.*, 173 Wis. 2d at 688, 495 N.W.2d at 330.

As noted, four of the five *Michelle T.* factors support the application of issue preclusion against Betty in this case. Since Betty had a full and fair opportunity to present her claim in the prior action and since she had a sufficient identity of interest with Wally's claim in that action, we conclude that it is not fundamentally unfair to preclude Betty's negligence claim against Fortlage in this case.

*By the Court.*—Judgment affirmed.