PAIGE K. B. and Kaitlin I. B., minors by their Guardian ad Litem, Mark A. Peterson and Lauralie H. B., Plaintiffs-Respondents,

v.

STEVEN G. B., Defendant,

GENERAL CASUALTY COMPANY OF WISCONSIN, a domestic insurance corporation, Milwaukee Guardian Insurance Inc., a domestic insurance corporation, Richard B. and Esther B., Defendants-Appellants.

Supreme Court

*No. 97–0873. Oral argument February 11, 1999.—Decided May 28, 1999.*

(Also reported in 594 N.W.2d 370.)

For the defendants-appellants, Milwaukee Guardian Insurance, Richard B. & Esther B., there were briefs by *John P. Runde* and *Terwilliger, Wakeen,*

*Piehler & Conway, S.C.*, Wausau and oral argument by *John P. Runde.*

For the defendant-appellant, General Casualty Company of Wisconsin, there were briefs by *Keith W. Kostecke* and *Menn, Nelson, Sharratt, Teetaert & Beisenstein, Ltd.*, Appleton.

For the plaintiffs-respondents there was a brief by *Mark A. Peterson, John F. Maloney, Robert K. Bultman, David W. Maas* and *McNally, Maloney & Peterson, S.C.*, Milwaukee and oral argument by *Mark A. Peterson* and *John F. Maloney.*

¶ 1. WILLIAM A. BABLITCH, J. Richard and Esther B. and their insurers, Milwaukee Guardian Insurance, Inc. and General Casualty Company of Wisconsin (collectively the "defendants"), appeal two orders of the circuit court. The first precluded them from litigating an issue that had previously been litigated in a criminal proceeding against their son. The second granted protective orders to limit discovery of plaintiffs Paige K. B. and Kaitlin I. B. We conclude that because Richard and Esther were not in privity nor did they have a sufficient identity of interest with their son in his criminal conviction, their due process rights were violated by applying issue preclusion to them. Accordingly, we reverse the order of the circuit court giving conclusive effect to the criminal conviction as applied against Richard and Esther and their insurers. Also, because the circuit court's orders limiting discovery were based, at least in part, on its earlier order applying issue preclusion to Richard and Esther, an order we have reversed, we also reverse the orders limiting discovery and remand for further consideration in light of our decision. We also clarify, pursuant to the court of

215

appeals' certification, the standard for reviewing circuit court decisions on issue preclusion.

¶ 2. The facts are these. In February 1991, Steven B. (Steven) and Lauralie B. (Lauralie) were divorced. Lauralie and Steven had two children, Paige K. B. and Kaitlin I. B. Following the judgment of divorce which awarded Steven primary physical placement of the children, Lauralie absconded with the children. She returned to Wisconsin with the children on May 24, 1991, and appeared on a felony complaint charging her with interference with Steven's custody rights. As she had done throughout the divorce proceedings, Lauralie continued to accuse Steven of sexually assaulting the children. Accordingly, as a condition of Lauralie's bond on the felony charge, the court ordered that she "take steps to see to it that the children are with the father's parents [Richard and Esther] during the pendency of these proceedings unless otherwise ordered by a Court of Competent Jurisdiction." The children went to the home of Richard and Esther, their paternal grandparents.

¶ 3. An investigation regarding Lauralie's accusations of sexual assault ensued. Ultimately, petitions for Children in Need of Protection or Services (CHIPS) were filed on behalf of both children. The petitions alleged that Steven sexually assaulted them. Paige K. B. and Kaitlin I. B. were then removed from Richard and Esther's home and placed in a foster care home, and criminal charges were filed against Steven.

¶ 4. On July 16, 1992, Steven was criminally convicted of first degree sexual assault of both children, such acts occurring between June 1, 1991, and August 1, 1991. Steven pursued several avenues of relief from his criminal conviction including challenging the assistance of his counsel, appealing to the Wisconsin Court

of Appeals and this court, and filing a writ of certiorari with the United States Supreme Court, all to no avail.

¶ 5. On October 12, 1993, Paige K. B. and Kaitlin I. B., by their guardian ad litem, and Lauralie (collectively, "the plaintiffs"), filed this civil complaint against Steven and his parents, Richard and Esther, and their insurers. The cause of action against Steven alleged battery and intentional infliction of emotional distress. The cause of action against Richard and Esther and their insurers alleged negligence and negligent infliction of emotional distress for failing to properly supervise Steven's contact with the children while the children were staying in Richard and Esther's home, between May 24, 1991, and July 24, 1991. (Plaintiffs later orally amended the time frame alleged in their civil suit to June 1, 1991 to August 1, 1991, mirroring the dates charged in the criminal complaint against Steven.) Paige K. B. and Kaitlin I. B. assert that Richard and Esther's negligence resulted in them being sexually assaulted by Steven. The plaintiffs seek to recover for damages they had suffered.

¶ 6. During the course of litigation in this civil suit, Richard and Esther's attorney sought to depose Paige K. B. and Kaitlin I. B. In response, the plaintiffs filed a motion for a protective order, requesting that the court preclude Richard and Esther and their insurers from asking questions about the nature of the sexual assault or litigating the issue of Steven's criminal conviction. On February 24, 1997, the Portage County Circuit Court, Judge Virginia A. Wolfe presiding, granted plaintiffs' motion, thereby precluding the defendants from litigating this issue.

¶ 7. Plaintiffs also filed a motion to limit the scope of Richard and Esther's discovery regarding the children. The circuit court granted the motion, and

pursuant to Wis. Stat. § 804.01(3) (1989–90),[1] limited the scope, length and manner of the children's depositions in the following ways: limiting the length of the depositions to one hour for Kaitlin I. B. and one and one-half hours for Paige K. B.; allowing only one deposition of each child; requiring only one attorney to question the children on behalf of the defendants; precluding Steven from asking the children any questions except through selected legal counsel; requiring all questions to be submitted to the court in advance; disallowing questions directed to the children regarding what Steven did to them; and directing the defendants to make no gestures or comments toward the children. Furthermore, the circuit court ordered that the defendants' experts not question the children regarding what was done to them by Steven.

¶ 8. The court of appeals granted Richard and Esther's petition for leave to appeal from the circuit court's non-final orders. Steven, who had been appearing pro se throughout this civil action, did not appeal.[2] The court of appeals certified the case to this court pursuant to Wis. Stat. § (Rule) 809.61.

¶ 9. The primary issues presented by this case, as certified by the court of appeals, are 1) whether an issue fully litigated in a criminal proceeding is conclusive in a subsequent civil proceeding against the defendant's parents; and 2) whether the circuit court properly exercised its discretion in this case in granting a protective order to limit the scope of discovery. We

---

[1] All references to the Wisconsin Statutes are to the 1989–90 version unless otherwise noted.

[2] Because Steven did not appeal from the circuit court orders, any issues specifically regarding Steven are not before this court. Accordingly, when we refer to "defendants" in this opinion we refer only to Richard and Esther and their insurers.

also clarify the standard for reviewing circuit court decisions on issue preclusion.

¶ 10. Issue preclusion, formerly known as collateral estoppel, *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 549, 525 N.W.2d 723 (1995), "is designed to limit the relitigation of issues that have been actually litigated in a previous action." *Lindas v. Cady*, 183 Wis. 2d 547, 558, 515 N.W.2d 458 (1994). *See also Jensen v. Milwaukee Mut. Ins. Co.*, 204 Wis. 2d 231, 235, 554 N.W.2d 232 (Ct. App. 1996). The party asserting issue preclusion carries the burden to establish that it should be applied. *State ex rel. Flowers v. H&SS Department*, 81 Wis. 2d 376, 389, 260 N.W.2d 727 (1978). "[O]nce an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979) (citations omitted).

¶ 11. Before reaching the primary issues, we must first clarify the appropriate standard of review for circuit court determinations regarding issue preclusion. The plaintiffs, relying on *Michelle T. v. Crozier*, 173 Wis. 2d 681, 495 N.W.2d 327 (1993), argue that the standard of review is whether the circuit court erroneously exercised its discretion in applying issue preclusion to Richard and Esther and their insurers. They argue that whether issue preclusion applies is a question of fundamental fairness—a question left to the discretion of the circuit court.

¶ 12. Richard and Esther and their insurers, relying on *Lindas* and *Ambrose v. Continental Ins. Co.*, 208 Wis. 2d 346, 560 N.W.2d 309 (Ct. App. 1997), rev. denied 211 Wis. 2d 532, 568 N.W.2d 299, assert that

the standard of review is de novo to determine whether, as a matter of law, issue preclusion can be applied to them. They assert that the circuit court must first determine whether applying issue preclusion would violate their due process rights. If a circuit court determines that issue preclusion would not violate their due process rights, only then can the court exercise its discretion to determine whether applying it in the particular case is fundamentally fair.

¶ 13. In *Michelle T.*, the plaintiff commenced a civil action against Crozier, a man who had earlier been criminally convicted of second degree sexual assault for two acts of sexually touching her. *Michelle T.*, 173 Wis. 2d at 684. During opening statements before the jury in the civil action, Crozier's counsel indicated that he would introduce evidence to refute the evidence that had supported the criminal conviction. *Id.* In response, Michelle T. filed a motion *in limine*, asserting issue preclusion and prohibiting Crozier from presenting any evidence contrary to the criminal conviction. *Id.* The circuit court granted Michelle T.'s motion.

¶ 14. On appeal this court recognized that the modern approach to issue preclusion was less formalistic and entailed "a looser, equities-based interpretation of the doctrine." *Id.* at 688. Accordingly, the *Michelle T.* court relied on a "fundamental fairness" test to affirm the circuit court order on issue preclusion:

> Courts may consider some or all of the following factors to protect the rights of all parties to a full and fair adjudication of all issues involved in the action: (1) could the party against whom preclusion is sought, as a matter of law, have obtained review of the judgment; (2) is the question one of law that involves two distinct claims or intervening contex-

tual shifts in the law; (3) do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issue; (4) have the burdens of persuasion shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; or (5) are matters of public policy and individual circumstances involved that would render the application of collateral estoppel to be fundamentally unfair, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action?

*Id.* at 688–89 (citing Restatement (Second) Judgments § 28 at p. 273–74 (1982)).

■

¶ 15. The main holding of *Michelle T.* was that, at the discretion of the circuit court, issue preclusion can be applied, allowing plaintiffs to prevent a defendant from litigating an issue that the defendant previously litigated and lost in a prior proceeding with a different party. *Michelle T.*, 173 Wis. 2d at 697. *See also Mayonia M.M. v. Keith N.*, 202 Wis. 2d 460, 469, 551 N.W.2d 31 (Ct. App. 1996). "[W]hether the use of prior adjudication is appropriate to preclude an issue for determination in a second forum is dependent upon conformance with principles of fundamental fairness. . . . Such determination of fundamental fairness is a matter of discretion to be determined by the trial judge on a case-by-case basis." *Michelle T.*, 173 Wis. 2d at 698.

■

¶ 16. In *Lindas*, decided just one year after *Michelle T.*, the issue was whether the personnel commission's unreviewed determination of no probable cause of sexual discrimination under the Wisconsin Fair Employment Act (WFEA) precluded the same

plaintiff's claim of discrimination under 42 U.S.C. § 1983. *Lindas*, 183 Wis. 2d at 552. With no discussion, the court stated that "[t]he application of preclusion doctrines to a given set of facts is a question of law which this court reviews without deference to lower courts." *Id.* (citing *DePratt v. West Bend Mutual Insurance Co.*, 113 Wis. 2d 306, 310, 334 N.W.2d 883 (1983)).

¶ 17. However, the court also referred to *Michelle T.* with approval. "In *Michelle T.*, we noted that the more modern approach to issue preclusion requires courts to conduct a 'fundamental fairness' analysis. Under this analysis, courts consider an array of factors in deciding whether issue preclusion is equitable in a particular case." *Lindas*, 183 Wis. 2d at 559 (citing *Michelle T.*, 173 Wis. 2d at 688–89). The court concluded that applying issue preclusion in *Lindas* comported with the "fundamental fairness" test articulated in *Michelle T. Lindas*, 183 Wis. 2d at 560–61. The factors listed in *Michelle T.* protect a litigant's right to a full and fair adjudication of the issues. *Id.* at 561 (referring to *Michelle T.*, 173 Wis. 2d at 689).

¶ 18. The first published appellate decision squarely faced with the question of the proper standard of review of the application of issue preclusion was *Ambrose*, 208 Wis. 2d 346. As in the present case, one party in *Ambrose* relied on *Lindas* to assert that the standard of review was de novo and the other party relied on *Michelle T.* to assert that application of issue preclusion was within the circuit court's discretion. *Ambrose*, 208 Wis. 2d at 349–50.

¶ 19. The *Ambrose* court first noted that *Lindas* and a later case, *Northern States Power Co.*, 189 Wis. 2d at 550–51, both referred to *Michelle T.* with

222

approval. Accordingly, the court of appeals was "persuaded that the *Lindas* court did not intend to alter the standard of review established in *Michelle T.* for trial court decisions on issue preclusion and that *Michelle T.* is controlling in this case." *Ambrose*, 208 Wis. 2d at 355. However, the court of appeals recognized that in certain contexts, the standard of review for issue preclusion may be different. "When [issue preclusion] is applied against a litigant who was not a party to the prior proceeding, that litigant's right to due process is violated if the litigant did not have sufficient identity of interest with a party to the prior proceeding." *Id.* at 356 (citing *Mayonia M.M.*, 202 Wis. 2d at 469). "The threshold issue of whether such a litigant was in privity or had sufficient identity of interests to comport with due process presents a question of law." *Ambrose*, 208 Wis. 2d at 356. This court reviews questions of law de novo. *Lindas*, 183 Wis. 2d at 552.

¶ 20. Although not citing *Montana*, a United States Supreme Court decision regarding issue preclusion, the holding of *Ambrose* is consistent with *Montana*. The Court in *Montana* did not specifically discuss the standard of review in an issue preclusion case, but it did provide a two-step analysis for issue preclusion. The *Montana* Court first determined that the United States government, which had openly directed and financed a prior proceeding between a construction company and the State of Montana, *Montana*, 440 U.S. at 151, was sufficiently entwined in that prior litigation so as to have fully and fairly litigated its interests, *id.* at 154–55. Although the United States government was not a party to the state litigation, it "plainly had a sufficient 'laboring oar' in the conduct of the state-court litigation to actuate principles of estoppel." *Id.* at 155. Accordingly, application of issue

preclusion would not, as a matter of law, violate the government's right to due process.

¶ 21. Only after making this determination did the Court consider whether it was appropriate to apply issue preclusion in the case. *Id.*

> To determine the appropriate application of collateral estoppel in the instant case necessitates three further inquiries: first, whether the issues presented by this litigation are in substance the same as those resolved against the United States in [the prior proceeding]; second, whether controlling facts or legal principles have changed significantly since the state-court judgment; and finally, whether other special circumstances warrant an exception to the normal rules of preclusion.

*Id.* The factors expressed in *Michelle T.* are consistent with these inquiries.

¶ 22. Relying on *Montana* and the court of appeals' harmonization of *Michelle T.* and *Lindas* in *Ambrose*, we conclude that whether issue preclusion applies against a litigant who was not a party to a prior proceeding requires a two-step analysis. "The threshold issue [is] whether such a litigant was in privity or had sufficient identity of interests to comport with due process. . . ." *Ambrose*, 208 Wis. 2d at 356. This is a question of law which this court reviews de novo. *Id.* (citing *Jocz v. LIRC*, 196 Wis. 2d 273, 304, 538 N.W.2d 588 (Ct. App. 1995)). If, as a matter of law, the litigant against whom issue preclusion is being asserted is not in privity or does not have sufficient identity of interest with a party to the prior proceeding, applying issue preclusion to the litigant would violate his or her due process rights and the analysis ends. Issue preclusion cannot be invoked. If, however, as a matter of law, the

litigant is in privity or has a sufficient identity of interest with a party to the prior proceeding, the court should turn to the second step.

¶ 23. The second step in the analysis is whether actually applying issue preclusion to the litigant comports with principles of fundamental fairness. *Ambrose*, 208 Wis. 2d at 355 (referring to *Michelle T.*, 173 Wis. 2d at 698). This is generally a determination within the circuit court's discretion. *Ambrose*, 208 Wis. 2d at 355 (citing *Michelle T.*, 173 Wis. 2d at 698). However, as noted in *Ambrose*, while the circuit court is to use its discretion to consider an array of factors to determine fairness in applying issue preclusion, certain of the *Michelle T.* factors present questions of law. *Ambrose*, 208 Wis. 2d at 355. Particularly, the first factor—whether, as a matter of law, the party against whom issue preclusion is sought could have obtained judicial review of the prior judgment—is a question of law. We review such decisions to determine whether the circuit court erroneously exercised its discretion. *Michelle T.*, 173 Wis. 2d at 698–99. If the circuit court decision involves a question of law, "we review the question of law de novo and reverse if the exercise of discretion is based on an error of law." *Ambrose*, 208 Wis. 2d at 356 (citing *Berg v. Marine Trust Co.*, 141 Wis. 2d 878, 887, 416 N.W.2d 643 (Ct. App. 1987)). *See also Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) ("The availability of collateral estoppel [issue preclusion] is a mixed question of law and fact in which legal issues predominate.").

¶ 24. Having set forth the appropriate standard, we now turn to the first issue presented by this case: whether an issue fully litigated in a criminal proceeding is conclusive in a subsequent civil proceeding

against the defendant's parents. In other words, we must determine whether the doctrine of issue preclusion can be applied against a litigant who was not a party to an earlier case to prevent that party from litigating issues resolved in the earlier proceeding.

¶ 25. The first part of the analysis requires the circuit court to determine whether the litigant against whom issue preclusion is asserted was in privity or had sufficient identity of interest with a party to the prior proceedings to comport with due process. Due process requires that the litigant had sufficient opportunity to be heard. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7 (1979). In other words, due process requires that the litigant have "at least one full and fair opportunity to litigate an issue before being bound by a prior determination of that issue." *Parker v. Williams*, 862 F.2d 1471, 1474 (11th Cir. 1989). *See also Kunzelman v. Thompson*, 799 F.2d 1172, 1174 (7th Cir. 1986). It is fundamental that nonparties cannot be bound by a prior litigation unless their interests are deemed to have been litigated. *Mayonia M.M.*, 202 Wis. 2d at 268. Anything less is a violation of the litigant's due process rights.

¶ 26. "To be in privity the parties must be 'so closely aligned that they represent the same legal interest.' " *Kunzelman*, 799 F.2d at 1178 (quoting *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 315 (7th Cir. 1985)). A litigant has a sufficient identity of interest with a party to a prior proceeding if the litigant's interests in the prior case can be deemed to have been litigated. *Teacher Retirement of Texas v. Badger XVI*, 205 Wis. 2d 532, 550, 556 N.W.2d 415 (Ct. App. 1996) (quoting *Mayonia M.M.*, 202 Wis. 2d at 469). " '[O]ne

who prosecutes or defends a suit in the name of another to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own . . .' " has had an opportunity to litigate his or her interests and " 'is as much bound. . .as he would be if he had been a party to the record.' " *Montana*, 440 U.S. at 154 (quoting *Souffront v. Compagnie des Sucreries*, 217 U.S. 475, 486–87 (1910)).

¶ 27. The due process clauses of the United States and Wisconsin Constitutions "prohibit a court from granting preclusive effect to a prior determination of an issue without the precluded party having had the opportunity to contest that issue." *Parker*, 862 F.2d at 1474 n.1. If the litigant is not so closely aligned with a party in the prior proceeding as to represent the same legal interest or the litigant's interests cannot be deemed to have been litigated in the prior proceeding, the litigant's due process rights would, as a matter of law, be violated were a court to apply issue preclusion. The facts of several cases provide examples.

¶ 28. In *Teacher Retirement of Texas*, several lawsuits arose between an owner of an office complex, the general contractor, subcontractors and the architect, regarding the construction of the complex. *Teacher Retirement of Texas*, 205 Wis. 2d at 537. Butzen, a roofing and sheet metal subcontractor, sought to preclude Skidmore, an architect, from litigating issues decided at an arbitration to which Skidmore was not a party. *Id.* at 550. The court of appeals determined that Skidmore had not previously litigated the issues and did not have sufficient identity of interest with Butzen's adverse party, the project's general contractor, in the earlier arbitration proceeding. *Id.* at 553.

227

Accordingly, applying issue preclusion to Skidmore would have violated his due process rights.

¶ 29. Similarly, in *Mayonia* the court rejected the defendant's argument that issue preclusion barred the child/plaintiff's paternity action because she was not in privity with, nor had sufficient identity of interest with the mother/plaintiff in an earlier paternity action against the same defendant. *Mayonia M.M.*, 202 Wis. 2d at 469. The child's due process rights would have been violated by application of issue preclusion because she did not have the opportunity to litigate the issues in the prior proceeding.

¶ 30. In contrast to *Teacher Retirement of Texas* and *Mayonia M.M.*, the court of appeals did find sufficient identity of interest between two plaintiffs in *Jensen*. *Jensen*, 204 Wis. 2d at 241. In *Jensen*, the defendant insurance company sought to preclude the wife/passenger in a car accident from relitigating whether its insured was negligent. *Jensen*, 204 Wis. 2d at 235. A prior proceeding between the husband/driver in the accident and the insurance company and its insured determined that the insured was not negligent. *Id.* at 234. The court of appeals determined that the wife/passenger had sufficient identity of interest with the husband/driver in the prior proceeding, such that she "had adequate opportunity and incentive to obtain a full and fair adjudication of her negligence claim. . . ." *Id.* at 239–40.

¶ 31. We find guidance in the Restatement (Second) Judgments § 85 regarding the effect of a criminal judgment in a subsequent civil action. Specifically, the Restatement provides that "**(2) A judgment in favor of the prosecuting authority is preclusive in favor of a third person in a civil action:. . .(b) Against a person having a relationship with the**

defendant specified in §§ 46, 48, 56(1), and 59–61, or analogous rules." Restatement (Second) Judgments § 85(2)(b). The Restatement recognizes that a criminal proceeding may be conclusive against third parties only if the third party is in privity with the defendant as privity is defined in the specified sections of the Restatement. Section 46 is in regard to the effect of a personal injury action on a wrongful death action; section 48 pertains to actions for losses resulting from personal injury to another person; section 56(1) deals with promisees and intended beneficiaries under contract; sections 59–61 pertain to corporations, partnerships and unincorporated associations and their members, respectively. In any of these cases, "[t]he relationship with the criminal defendant must be sufficiently close that it would be unjust to allow the third party to prevail notwithstanding the judgment for the prosecution [in the earlier proceeding.]" Restatement (Second) Judgments § 85, cmt. f.

¶ 32. We now turn to the facts of the present case. Plaintiffs seek to preclude Richard and Esther and their insurers from litigating the issue of whether Steven sexually assaulted Paige K. B. and Kaitlin I. B. In a prior proceeding, Steven was criminally convicted of sexually assaulting his two daughters. We must first determine whether, as a matter of law, Richard and Esther and their insurers are in privity with Steven or have sufficient identity of interest to conclude that, in the prior proceeding, they had an opportunity to fully and fairly adjudicate the issue of the sexual assaults. If not, their due process rights would be violated by application of issue preclusion. This is a question of law that we review de novo. Because Richard and Esther are not in privity with Steven, nor do they have a sufficient identity of interest with him in the criminal proceed-

ing, we hold that Paige K. B. and Kaitlin I. B. cannot assert issue preclusion against them in this civil case.

¶ 33. Richard and Esther did not have an opportunity to be heard in the case against their son. They were not parties to the criminal action; they had no opportunity to examine or cross-examine witnesses. They were, in essence, bystanders. The reality is that Richard and Esther could not participate in the criminal proceeding between the State and their son. Furthermore, Richard and Esther do not fall within any of the recognized examples of privity listed in the Restatement.

¶ 34. The plaintiffs assert that Richard and Esther have a sufficient identity of interest with Steven because they agreed to assume the duty of taking the children into their home. Their due process rights are not violated, argue the plaintiffs, because the issue is whether Richard and Esther were negligent in their duty of supervision attendant to having the children in their home. Regardless of the level of supervisory duty imposed on Richard and Esther, it is insufficient to create privity or an identity of interest on the issue of the sexual assaults. Whether Richard and Esther were negligent depends, in part, on whether the sexual assaults occurred—an issue Richard and Esther have not had the opportunity to litigate.

¶ 35. In a case very similar to the present case, the Eleventh Circuit United States Court of Appeals reversed a district court determination that issue preclusion barred defendants from litigating the issue of a rape. *See Parker*, 862 F.2d at 1474–75. In an earlier case, Williams, a county jailer, was criminally convicted of kidnapping and raping Parker. *Id.* at 1474. Parker then filed a § 1983 claim against three defend-

ants: Williams, the former county sheriff, and the county itself. *Id.* The Eleventh Circuit determined that the sheriff and the county were not parties to the criminal case and therefore, had not had the opportunity to litigate the fact of the rape. *Id.* Accordingly, the sheriff and the county could not be precluded from litigating this issue.

¶ 36. *Parker* is similar to the present case. In both cases, the victim of a criminal act later brought a civil suit against the convicted defendant and third parties. As in *Parker*, the defendants in the present case did not have the opportunity to litigate the issue at hand in the prior proceeding. As in *Parker*, not only did the defendants in the present case not join the prior proceeding but they also would not have been able to join it. As in *Parker*, the defendants had no opportunity to examine or cross-examine witnesses in the prior proceeding. And, as in *Parker*, the defendants' due process rights would be violated if issue preclusion were applied to preclude them from litigating the fact of the crime in the second proceeding.

¶ 37. In sum, we conclude that an issue fully litigated in a criminal proceeding is not conclusive in a subsequent civil proceeding against the defendant's parents unless they were in privity with the defendant or had sufficient identity of interests with the defendant so as to have had an opportunity to fully and fairly litigate the issues. Absent such privity or identity of interest, application of issue preclusion would, as a matter of law, violate the litigant's due process rights. Because we determine, as a matter of law, that Richard and Esther and their insurers were not in privity nor did they have sufficient identity of interest with Steven in the criminal trial, issue preclusion cannot be applied

to them. To do so would violate their due process rights. Accordingly, the order of the circuit court deeming Steven's criminal conviction conclusive as to his parents, is reversed.

¶ 38. The final issue presented by this case is whether the circuit court properly exercised its discretion in granting a protective order pursuant to Wis. Stat. § 804.01(3) (reprinted below),[3] to limit the scope of discovery. Circuit courts have broad discretion in determining whether to limit discovery through a protective order. *State v. Beloit Concrete Stone Co.*, 103 Wis. 2d 506, 511, 309 N.W.2d 28 (Ct. App. 1981). If the moving party is able to show good cause, § 804.01(3) permits the circuit court to make any order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Section 804.01(3). Accordingly, we review the circuit court's decision to determine whether it erroneously exercised

---

[3] Wisconsin Stat. § 804.01(3) provides in pertinent part:

(3) **Protective orders.** (a) Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including but not limited to one or more of the following:

1. That the discovery not be had;

2. That the discovery may be had only on specified terms and conditions, including a designation of time or place;

3. That the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

4. That certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;

5. That discovery be conducted with no one present except persons designated by the court;

6. That a deposition after being sealed be opened only by order of the court;

. . .

its discretion. *Beloit Concrete*, 103 Wis. 2d at 511. A circuit court properly exercises its discretion if it examines the relevant facts, applies the proper standard of law and, using a rationale process, reaches a conclusion that a reasonable judge could reach. *See id.* (citing *McCleary v. State*, 49 Wis. 2d 263, 277, 182 N.W.2d 512 (1971)). *See also Loy v. Bunderson*, 107 Wis. 2d 400, 414–15, 320 N.W.2d 175 (1982).

¶ 39. As noted above, the circuit court in the present case granted plaintiffs' motion for a protective order. In two separate orders, the circuit court limited the scope, length and manner of the depositions of Paige K. B. and Kaitlin I. B., and the scope of questioning by defendants' experts. The court did so, however, in light of its earlier order that Steven's criminal conviction for sexual assault was conclusive as to his parents and, therefore, the defendants were precluded from litigating that issue. Because we have concluded that the circuit court's first order, applying issue preclusion to the defendants, Richard and Esther and their insurers, violated their due process rights, we remand this case to the circuit court to reconsider its orders limiting discovery pursuant to Wis. Stat. § 804.01(3) in light of our holding.[4]

---

[4] Because we are able to resolve this case without the need to rely on the deposition transcripts of Richard and Esther, we deny the motion made by Milwaukee Guardian Insurance, Inc. and Richard and Esther to supplement the record with excerpts of such transcripts—a motion which was held in abeyance pending this court's consideration, on the merits, of the issues raised in this appeal.

*By the Court.*—The orders of the circuit court are reversed and the cause is remanded for further consideration in light of our holding.