Lawrence A. KRUCKENBERG, Plaintiff-Appellant,†

v.

Paul S. HARVEY, Defendant-Respondent.

Court of Appeals

*No. 03–1813. Submitted on briefs March 22, 2004.—Decided May 5, 2004.*

2004 WI App 133

(Also reported in 685 N.W.2d 844.)

† Petition to review granted 9-16-04.

NETTESHEIM, J., concurrs in part and dissents in part.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *William H. Gergen* of *Gergen, Gergen & Pretto, S.C.* of Beaver Dam.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Jim D. Scott* of *Wood Law Offices, LLC* of Oxford.

Before Brown, Nettesheim and Snyder, JJ.

¶ 1. BROWN, J. This case is a dispute over a property line and the duty of lateral support of soil as between adjoining property owners. Lawrence A. Kruckenberg argues that the trial court erred in apply-

ing the doctrines of claim preclusion to his claim for a declaratory judgment with respect to the property line and issue preclusion to his claim of lack of lateral support. We hold that a 1982 action between Paul S. Harvey and Donald A. Czyzewski, the individual from whom Kruckenberg bought the property, precludes Kruckenberg's present action. We therefore affirm the trial court's grant of summary judgment in favor of Harvey and its order denying Kruckenberg's motion for reconsideration.

¶ 2. In 1982, Harvey excavated a drainage ditch along what he assumed to be the northern border of his property, which adjoined Czyzewski's property. Czyzewski filed suit, alleging that the excavation "caused the line fence between plaintiff and defendant to collapse" and that the excavation was a breach of Harvey's duty to "maintain a line fence." The complaint further alleged that the excavation breached Harvey's duty for lateral support, lowered the water level on Czyzewski's property and caused erosion.

¶ 3. The parties resolved the dispute by a stipulation. Harvey agreed to pay $1500 in damages and to plant rye grass along the drainage ditch. The parties further agreed that the action would be dismissed "on its merits." The circuit court acknowledged the stipulation, ordered Harvey to plant rye grass "when the weather permits" and dismissed the matter "on its merits" in April 1983.

¶ 4. Kruckenberg, without knowledge of the lawsuit between Harvey and Czyzewski, purchased the property shortly after the lawsuit settled. In 2001, Kruckenberg filed a complaint against Harvey, stating three causes of action (1) trespass and conversion, (2) declaratory judgment with respect to the location of the lot line, and (3) failure to provide lateral support.

Kruckenberg alleged that according to a survey he had commissioned, Harvey's ditch was on his property. In his answer, Harvey raised several defenses, including the doctrines of claim and issue preclusion, and filed a counterclaim for adverse possession, seeking to relocate the lot line so that it comported with the fence line and asking the court to enjoin Kruckenberg from trespassing on his property. Kruckenberg moved for summary judgment.

¶ 5. The circuit court did not reach the substance of Kruckenberg's summary judgment motion. Instead, the court found that the Czyzewski case barred Kruckenberg's claims for declaratory judgment regarding the lot line and failure to provide lateral support. The court found that the parties to the Czyzewski case acknowledged that the fence line was the line of demarcation between the lots and thus that the doctrine of claim preclusion barred Kruckenberg's declaratory judgment action and mooted the trespass and conversion claims. The court extended its claim preclusion ruling to Harvey's counterclaim for adverse possession. The court further found that the issue of lateral support was in fact litigated and resolved in the 1982 lawsuit, even if the erosion was occurring for a different reason today than it had been in 1982, and therefore that the doctrine of issue preclusion barred Kruckenberg's action for lateral support. Accordingly, the circuit court, on its own motion, granted summary judgment in favor of Harvey based on claim preclusion and issue preclusion. The circuit court held an additional hearing on reconsideration and again found in favor of Harvey. Kruckenberg appeals.

¶ 6. A motion for summary judgment will be granted "if the pleadings, depositions, answers to inter-

rogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Wis. Stat. § 802.08(2) (2001–02).[1] Our review of the circuit court's grant of summary judgment based on claim or issue preclusion is de novo. *See Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 551, 525 N.W.2d 723 (1995).

¶ 7. We will first address what we understand to be Kruckenberg's arguments concerning the circuit court's application of claim preclusion to his request for declaratory judgment with respect to the lot line. Then, we will turn to Kruckenberg's challenge to the circuit court's application of issue preclusion to his claim for lack of lateral support.

¶ 8. Under claim preclusion, a final judgment in an earlier matter is conclusive upon the parties in that earlier matter and those in privity with those parties, and the final judgment governs all issues that were either litigated or might have been litigated. *Jensen v. Milwaukee Mut. Ins. Co.*, 204 Wis. 2d 231, 235, 554 N.W.2d 232 (Ct. App. 1996). The following factors must be present for claim preclusion to bar an action before the court: "(1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and, (3) a final judgment on the merits in a court of competent jurisdiction." *Northern States Power Co.*, 189 Wis. 2d at 551. However, even where these requirements are satisfied, the ultimate application of claim or issue preclu-

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

sion must also satisfy the additional factor of fairness. *See Steffen v. Luecht*, 2000 WI App 56, ¶ 28, 233 Wis. 2d 475, 608 N.W.2d 713.

¶ 9. Kruckenberg does not appear to dispute that because he is a successor in interest to Czyzewski to the same property that was the subject of the prior litigation, the identity of parties factor—the first claim preclusion factor—is satisfied. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 43 (1982) ("A judgment in an action that determines interests in real or personal property . . . [w]ith respect to the property involved in the action . . . [h]as preclusive effects upon a person who succeeds to the interest of a party to the same extent as upon the party himself."); *see also S.S. Kresge Co. v. Garrick Realty Co.*, 209 Wis. 305, 310–11, 245 N.W. 118 (1932) (adjudication that one party was not using party wall held res judicata and binding on party's successor in title). Rather, distilled to its essence, Kruckenberg's brief consists of the several claims regarding the second and third claim preclusion factors. We address and reject each of these claims in seriatim.

¶ 10. First, Kruckenberg maintains that the circuit court erred in concluding that the 1982 stipulation and order concerned the proper location of the lot line and therefore that Harvey had established an identity of claims, the second claim preclusion factor. He seems to assert that the issue was never really before the court in 1982 and that the parties simply "acquiesced" to the idea that the fence was on the property line without actually arguing about it. He appears to claim that for the location of the lot line to *really* have been at issue, Czyzewski would have had to assert an adverse possession claim on Harvey's behalf and then concede that Harvey owned the property in question. Kruckenberg then apparently maintains that since adverse posses-

sion was not ripe in 1982, Czyzewski could not have raised the issue. Thus, according to Kruckenberg, the whole issue of lot line location was premature in 1982 and not a proper subject that could have been joined at that time.

¶ 11. In sum, Kruckenberg seems to argue that the issue of the lot line location was never argued nor could it have been argued and therefore claim preclusion does not apply. Kruckenberg misunderstands the doctrine of claim preclusion and the nature of the previous action.

¶ 12. Kruckenberg's argument is premised on the notion that in order to satisfy the second claim preclusion factor—the identity of claims—the parties in the previous action must have not only recognized that the lot line was an issue, but also actually disputed the proper location of the lot line. That is not the law. The claim sought to be litigated in the present action need not have been *actually* litigated in the prior action as long as it *could have been* litigated in that action. *DePratt v. West Bend Mut. Ins. Co.*, 113 Wis. 2d 306, 310, 334 N.W.2d 883 (1983). Further, we use a transactional analysis to determine whether a matter could have been litigated in the former proceeding. *Parks v. City of Madison*, 171 Wis. 2d 730, 735, 492 N.W.2d 365 (Ct. App. 1992). Under this analysis, all claims arising out of the same transaction or factual situation are treated as a single cause of action and must be litigated together. *Id.* A claim arising out of the same transaction is barred even though the party in the second action is prepared with different evidence or theories of the case or intends to seek another form of relief. *Id.* Accordingly, for the doctrine of claim preclusion to apply, the proponent need not establish that the parties explicitly

acknowledged the existence of the issue or actually disputed the issue in the prior litigation; rather, the proponent need only demonstrate that the claim arises from the same factual situation and that it could have been litigated.

¶ 13. We now turn to Kruckenberg's characterization of the nature of Czyzewski's action. Although Kruckenberg is correct that Czyzewski did not specifically challenge the boundary between the properties, his assertion that the location of the lot line was not an issue in the 1982 action is simply wrong.

¶ 14. Czyzewski alleged, inter alia, that Harvey had breached his duty to maintain a "line fence." The circuit court in this case correctly noted that the term "line fence" is a legal term of art used to describe a fence running along a property line. *See, e.g., Hoff v. Olson,* 101 Wis. 118, 122, 76 N.W. 1121 (1898) ("The fence in question is alleged to be on the line between the parties, and is a regular partition fence. In the absence of allegation as to a legal division of a line fence, the presumption as to ownership is that it is the common property of the adjoining owners."). Thus, as the circuit court recognized, Czyzewski's action for lateral support would have required him to establish and prove the demarcation of the lot line as an element of his claim. Even though the parties ultimately settled the case (which at least implicitly concedes that the demarcation of the lot line had been resolved as between those parties), the fact remains that the location of the lot line was an element in the prior case and, as a result, the issue could have been joined.

¶ 15. While Kruckenberg's theory of relief, a declaratory judgment action, is different than Czyzewski's

action for lack of lateral support, the underlying issue in this case—the location of the lot line—was an element to be proven in the 1982 case. Because the location of the lot line was an element to be proven in the 1982 case, the parties were in a position to litigate the issue had they chosen to do so. As we discussed earlier, this is all that is needed to satisfy the identity of claims requirement. We, therefore, reject Kruckenberg's first challenge to the application of the doctrine of claim preclusion.

¶ 16. Second, Kruckenberg claims that, even assuming that he is wrong about his contention that the lot line issue was not before the court in 1982, he claims it was based on a mistake of fact by both parties, Czyzewski, in particular. Therefore, the acquiescence to the location of the lot line cannot inure to his detriment. This argument implies that mistake of fact is a recognized exception to claim preclusion. Kruckenberg does not provide any authority in support of this argument and we cannot find any. Indeed, the RESTATEMENT (SECOND) OF JUDGMENTS suggests otherwise. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 43 (1982) ("A judgment in an action that determines interests in real or personal property . . . [c]onclusively determines the claims of the parties to the action regarding their interests."). Kruckenberg's argument fails.

¶ 17. Third, Kruckenberg expands on his use of the word "acquiescence" by contending that the circuit court's grant of summary judgment to Harvey was, in reality, not a claim preclusion decision, but a legal decision that Kruckenberg himself had "acquiesced" to this property line by his prior inaction. In this vein, Kruckenberg is attempting to put words in the circuit court's mouth. The circuit court never entertained such

a theory, much less decided the case on that ground. What really happened is that Harvey's answer to Kruckenberg's complaint was bottomed on claim preclusion and issue preclusion grounds and that is exactly what the circuit court ruled on. As we previously discussed, the circuit court correctly found that the location of the lot line was at issue and had been decided in the 1982 case and therefore applied claim preclusion to Kruckenberg's action. Once again, Kruckenberg's argument must fail.

¶ 18. Finally, Kruckenberg invokes the third claim preclusion factor and briefly argues that claim preclusion cannot apply because the 1982 lawsuit was resolved by stipulation. In doing so, he relies on a line of cases, chiefly *Bishop v. McGillis*, 82 Wis. 120, 51 N.W. 1075 (1892), for the proposition that a dismissal based on a stipulation does not satisfy the third claim preclusion factor requiring a "final judgment on the merits." However, this line of cases applies where the dismissal was not on the merits. *See, e.g., Mayer v. Mayer*, 29 Wis. 2d 497, 505–06, 139 N.W.2d 111 (1966) (dismissal of proceedings for removal of executors would not bar issues raised by new petition seeking their removal, since the order of dismissal did not purport to pass on merits of original petition). Furthermore, it is well established that a stipulation between parties and approved by the court can form the basis for a final judgment. *See, e.g., Great Lakes Trucking Co., Inc. v. Black*, 165 Wis. 2d 162, 168–69, 477 N.W.2d 65 (Ct. App. 1991); *Werner v. Riemer*, 255 Wis. 386, 401–03, 39 N.W.2d 457 (1949).

¶ 19. Here, in the 1982 suit, the parties resolved all the disputed issues between them, including agree-

ing to damages and an appropriate remedy. The parties specifically agreed to a dismissal of the action on its merits. The parties' stipulation was then reduced to an order dismissing the action "on its merits." Such an order is conclusive, in a subsequent action between the same parties, as to all matters which were litigated or which might have been litigated in the former proceedings. *See Werner*, 255 Wis. at 401–03. As a result, Kruckenberg, a successor in interest to Czyzewski, is precluded by the dismissal upon the merits of the 1982 action from relitigating the lot line issue.

¶ 20. As we indicated previously, even when the threshold requirements for claim preclusion are satisfied we still must determine whether the application of the doctrine is fair to Kruckenberg. We conclude that it is. Clearly, Czyzewski would have been required to establish the lot line had the matter gone to trial. Presumably, he would have been required to supply a survey establishing the lot line unless Harvey conceded the fact. But whether the fact was to be proven or conceded, the findings of fact, conclusions of law and judgment would have reflected a finding of fact concerning the lot line. By settling the matter on the merits, Harvey and Czyzewski functionally litigated the question of the location of the lot line. The purpose of the doctrine of claim preclusion is to prevent repetitive litigation. *DePratt*, 113 Wis. 2d at 311. Fairness to the defendant and sound judicial administration require that at some point litigation over the particular controversy must come to an end. *Id.* Given that Harvey has already been subjected to litigation that for all intents and purposes resolved the issue, we are satisfied that the purposes of claim preclusion and the considerations

of fairness are served by the application of claim preclusion to Kruckenberg's claims.[2]

¶ 21. We now turn to Kruckenberg's arguments regarding the trial court's application of issue preclusion to his claim for lack of lateral support. Kruckenberg does not directly dispute that the lateral support issue was squarely within the purview of the 1982 lawsuit. Instead, Kruckenberg argues both that Harvey is under a continuing duty to maintain rye grass in the area and he has not done so and that recent erosion constitutes a new injury permitting him to relitigate the lateral support issue.

¶ 22. Issue preclusion applies even though there is not an "identity of parties" in the earlier and later matters so long as the "issue of law or fact" for which preclusive effect is sought "has been actually litigated and decided in a prior action and reduced to judgment."

---

[2] The dissent argues that it is not fair to impose claim preclusion on Kruckenberg because the lot line was not in dispute in 1982. We have a different view of it. Czyzewski and Harvey had a dispute over that very same soil dividing the two properties over twenty years ago. Obviously, Czyzewski did not like how Harvey was tending to the property adjoining his. Now, twenty years later, Kruckenberg does not like how Harvey is tending to the adjoining property. But Kruckenberg is attacking Harvey based on a different theory of law—the theory being that he owns the property in dispute. That same theory was available to Czyzewski in the 1982 suit. That Czyzewski did not know he owned the property or was too complacent to order a survey is inconsequential. The fact of the matter is that Harvey was subject to a lawsuit about his use of the property once already. The law demands that he not be subject to a lawsuit again. To rule otherwise would be unfair to Harvey. For these reasons, we disagree with the dissent and instead agree with the trial court.

*Jensen*, 204 Wis. 2d at 235. In the 1982 complaint, Czyzewski claimed that Harvey's excavation breached his "duty of lateral support." The duty to provide lateral support is ongoing. *See Christensen v. Mann*, 187 Wis. 567, 575–76, 204 N.W. 499 (1925). In recognition of that law, Czyzewski and Harvey resolved their dispute by requiring Harvey to plant rye grass one time "when the weather permits." Harvey complied with that stipulation. Obviously, Czyzewski was gambling that the planting of the rye grass would completely resolve the problem. That it did not would not have entitled Czyzewski to bring a new action regarding the erosion. The issue of lack of support had already been decided and reduced to a written order dismissing the case on the merits, which as we have already noted, stands as a final adjudication of the issue. Issue preclusion similarly binds Kruckenberg. Further, we fail to see how application of the doctrine of issue preclusion under these circumstances would violate the principles of fundamental fairness. Accordingly, we hold that the trial court properly applied the doctrine of issue preclusion to Kruckenberg's lack of lateral support claim.

*By the Court.*—Judgment and order affirmed.

¶ 23. NETTESHEIM, J. (*concurring in part; dissenting in part*). Although neither Czyzewski nor Harvey had any knowledge or suspicion that the fence line between their two properties did not represent the true lot line, the majority opinion holds that the settlement of Czyzewski's prior claim against Harvey for failure to provide lateral support precludes Kruckenberg's present action for trespass and for a declaratory judgment as to the location of the lot line. I respectfully dissent from that holding.

¶ 24. Our supreme court has said that although the purposes underlying claim and issue preclusion are important, the courts do not blindly apply the doctrine. *Sopha v. Owens-Corning Fiberglass Corp.*, 230 Wis. 2d 212, 235, 601 N.W.2d 627 (1999).[1] "Wisconsin law does not treat [claim/issue preclusion] as an ironclad rule which must be implacably applied whenever its literal requirements are met, regardless of any countervailing considerations." *Id.* (citation omitted). In my judgment, the majority opinion represents an unduly rigid application of claim or issue preclusion. I would hold that the application of the doctrine against Kruckenberg does not pass the fairness test of the inquiry. *See Precision Erecting, Inc. v. M&I Marshall & Isley Bank*, 224 Wis. 2d 288, 304, 592 N.W.2d 5 (Ct. App. 1998).

¶ 25. Czyzewski's complaint against Harvey in the prior action was for lateral support, not a challenge of the location of the lot line. Similarly, Harvey's defense of the action did not dispute the location of the lot line. When the parties came to an agreement as to how Harvey could provide lateral support, the parties commendably settled the action short of trial.

¶ 26. One of the factors that bears upon a fairness determination in a claim or issue preclusion setting is whether there are significant differences in the quality or extensiveness of the two proceedings. *Teriaca v. Milwaukee Employees' Ret. Sys.*, 2003 WI App 145, ¶ 13, 265 Wis. 2d 829, 667 N.W.2d 791. Here, the two proceedings were markedly different. The former was an action for lateral support in which the location of the lot line was never in dispute. Thus, the nature, quality

---

[1] In *Sopha v. Owens-Corning Fiberglass Corp.*, 230 Wis. 2d 212, 601 N.W.2d 627 (1999), the supreme court was addressing claim preclusion. However, the same principles would apply in an issue preclusion setting.

and extensiveness of the prior proceeding did not address the location of the lot line in any meaningful way. However, in the instant action, the location of the lot line is the core dispute.

¶ 27. The actual, but unspoken, message of the majority opinion is that Czyzewski should have taken the case to trial to litigate the location of the lot line even though that matter was not in dispute and even though the parties had settled the only matter in dispute. Thus, the majority opinion produces a mock trial over a nonissue that neither party desired, together with the related expenditure of time, effort and money.

¶ 28. Another of the factors bearing upon a fairness determination in a claim or issue preclusion setting is whether there are matters of public policy and individual circumstances involved such that it would render the application of the doctrine fundamentally unfair, including whether the party against whom preclusion is sought had an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action. *Id*. Reduced to its essence, the majority opinion penalizes Kruckenberg for Czyzewski's decision to settle the case. However, the law favors settlement over full-blown litigation. "Wisconsin courts look with great favor upon settlements of litigation." *Radlein v. Indus. Fire & Cas. Ins. Co.*, 117 Wis. 2d 605, 622, 345 N.W.2d 874 (1984). The majority's unforgiving application of claim or issue preclusion strikes a blow against this sound policy. Once Harvey agreed to provide lateral support to Czyzewski's property producing a settlement of the lawsuit, neither Czyzewski nor Harvey had any incentive to continue the litigation over a matter not in dispute.

¶ 29. Wisconsin's public policy favoring settlements and the individual circumstances under which the prior action was settled tell me that it is unfair to apply claim or issue preclusion against Kruckenberg in this case. Under the majority opinion, litigants must now be wary of settlement, lest an uncontested issue that could have been litigated might come back to haunt. I respectfully dissent.[2]

[2] However, I fully agree with the majority's application of claim preclusion as to Kruckenberg's claim for lateral support.