Anthony AMBROSE, Plaintiff-Appellant, †

v.

CONTINENTAL INSURANCE COMPANY, Jody A. Cook,
Defendants-Respondents,

Ruth Marie COOK and Train Depot, Inc., Defendants.

Court of Appeals

*No. 96–1522. Submitted on briefs December 9, 1996.—Decided
January 30, 1997.*

(Also reported in 560 N.W.2d 309.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Thomas J. Basting, Sr.* and *Margery Mebane Tibbetts* of *Brennan, Steil, Basting & MacDougall, S.C.* of Janesville.

For the defendants-respondents the cause was submitted on the brief of *Michael P. Crooks* and *Patricia J. Epstein* of *Peterson, Johnson & Murray, S.C.* of Madison.

Before Eich, C.J., Dykman, P.J., and Vergeront, J.

VERGERONT, J. The dispositive issue on this appeal is whether the trial court properly determined that issue preclusion[1] should not apply in Anthony

---

[1] Issue preclusion, formerly called "collateral estoppel," refers to the effect of a judgment in foreclosing relitigation in a subsequent action of an issue of law or fact that has actually

Ambrose's personal injury action against Jody Cook and Cook's insurer, Continental Insurance Company.[2] Ambrose's complaint alleged that he was injured while a passenger in a car driven by Cook. Based on Cook's prior conviction for driving while under the influence of an intoxicant, Ambrose moved the trial court to apply issue preclusion to prevent Cook from litigating in this action the issue of whether he was driving the car. We conclude that the trial court did not erroneously exercise its discretion in declining to apply issue preclusion. We affirm.[3]

## BACKGROUND

Cook and Ambrose were the occupants of an automobile that collided head-on with a car traveling in the opposite direction. Both Cook and Ambrose were injured in the accident. As a result of the accident, Cook was charged with driving too fast for conditions and driving while under the influence of an intoxicant (OWI). Those charges were tried to the court.[4] Cook testified that Ambrose, not he, was driving when the accident occurred. Ambrose testified for the prosecution, stating that Cook was driving. The court

---

[2] Ambrose named other defendants but this appeal concerns only Cook and Cook's insurer.

[3] Because of our resolution of this issue, we do not address the second issue Ambrose raises: whether the trial court erroneously exercised its discretion in failing to award additur or a new trial on the ground that the damage award was grossly inadequate.

[4] The judge that presided over the OWI proceeding was not the same judge who presided over this action in the trial court.

determined that the evidence was insufficient to show that Cook was driving too fast for conditions. However, the court determined that Cook was driving while under the influence of an intoxicant, specifically finding that Cook, rather than Ambrose, had been driving at the time of the accident.

Ambrose filed this personal injury action against Cook after the OWI conviction. Cook denied the allegation in the complaint that he was driving at the time of the accident. Cook and Ambrose stipulated that the parties disputed who was driving at the time of the accident—Cook or Ambrose—but agreed that the driver was negligent and that negligence was the cause of the accident. Cook filed a motion in limine, asking that evidence of the OWI conviction be excluded because of inadequate representation in that proceeding. Ambrose opposed the motion and at the same time moved to preclude Cook from "producing any evidence contradicting the fact that he was driving and that he (Cook) was intoxicated at the time of the accident" based on issue preclusion. The court granted Cook's motion in limine and denied Ambrose's motion for issue preclusion, concluding that this was not a proper case for issue preclusion.

The case was tried to a jury and the jury determined that Cook was not driving at the time of the accident.

## DISCUSSION

*Standard of Review*

■

We first address the proper standard of review of the trial court's decision not to apply issue preclusion. Ambrose argues that we review it de novo, without

deference to the trial court, because it presents a question of law. Cook contends that the trial court's decision was committed to its discretion. When reviewing a trial court's exercise of discretion, we affirm if the trial court applied the proper law to the relevant facts of record and used a rational process to arrive at a reasonable result. *See Rodak v. Rodak*, 150 Wis. 2d 624, 631, 442 N.W.2d 489, 492 (Ct. App. 1989).

The case law on the standard of review of trial court decisions on issue preclusion is confusing, both because of a tendency to treat issue preclusion and claim preclusion together,[5] without distinguishing between the two for purpose of the standard of review, and because of the variety of factors that may be determinative when a trial court decides whether to apply issue preclusion. After harmonizing apparently conflicting cases, we conclude that the proper standard of review in this case is whether the trial court erroneously exercised its discretion.

We begin with a discussion of *Michelle T. v Crozier*, 173 Wis. 2d 681, 495 N.W.2d 327 (1993). In that case the trial court applied issue preclusion to prevent Crozier from litigating in a personal injury suit against him the issue of whether he had sexually assaulted Michelle T. A jury in a prior criminal proceeding had convicted Crozier of sexually assaulting Michelle based on the same incident. The supreme court accepted certification of the issue of whether a trial court could permit the use of offensive issue preclusion, that is, by

---

[5] Under claim preclusion, formerly called "res judicata," a final judgment is conclusive in all subsequent actions between the parties and their privies as to all matters which were or might have been litigated. *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723, 727 (1995).

350

a plaintiff against a defendant. *Id.* at 686, 495 N.W.2d at 329. The court treated this issue as a question of law, and decided that Wisconsin does recognize the offensive use of issue preclusion. *Id.*

The court also held that whether issue preclusion is appropriate in a particular case "is dependent upon conformance with principles of fundamental fairness . . . [and] the determination of fundamental fairness is a matter of discretion to be determined by the trial judge on a case-by-case basis." *Id.* at 698, 495 N.W.2d at 335. The court noted a number of factors courts may consider in determining whether to apply issue preclusion in a particular case:

> (1) could the party against whom preclusion is sought, as a matter of law, have obtained review of the judgement; (2) is the question one of law that involves two distinct claims or intervening contextual shifts in the law; (3) do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issue; (4) have the burdens of persuasion shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; or (5) are matters of public policy and individual circumstances involved that would render the application of collateral estoppel to be fundamentally unfair, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action?

*Id.* at 689, 495 N.W.2d at 330-31.[6] The court concluded that the trial court had properly applied the law and

---

[6] The supreme court relied on RESTATEMENT (SECOND) OF JUDGMENTS § 28 (1982) "Exceptions to the General Rule of Issue Preclusion" for these factors. *Michelle T. v. Crozier*, 173 Wis. 2d 681, 689, n.10, 495 N.W.2d 327, 331 (1993). Section 28

properly exercised its discretion in precluding litigation of the issue. *Id.* at 698-99, 495 N.W.2d at 335.

The clear holding of *Michelle T.* on the standard of review for issue preclusion decisions is clouded by the later case, *Lindas v. Cady*, 183 Wis. 2d 547, 515 N.W.2d 458 (1994). In *Lindas*, the supreme court reviewed our ruling affirming the trial court's ruling that the plaintiff in a § 1983 sex discrimination claim was estopped from litigating the issue of sex discrimination because the administrative agency had determined that there was no probable cause to believe sex discrimination had occurred.[7] *Id.* at 549, 515 N.W.2d at 459. As did the trial court, we relied on the doctrines of claim preclusion and estoppel by record,

addresses exceptions to precluding relitigation of an issue in "subsequent actions between the parties" that is, when both the party seeking to apply issue preclusion and the party sought to be precluded were parties in the prior action. RESTATEMENT (SECOND) JUDGMENTS § 28 at 273. Section 29, "Issue Preclusion in Subsequent Litigation with Others," addresses issue preclusion when the party seeking to apply issue preclusion was not a party in the prior litigation; in that situation the considerations in § 28 apply as well as additional considerations set forth in § 29. *Id.* at 291-92. Although the plaintiff seeking issue preclusion in *Michelle T.* was not a party to the prior criminal proceeding, the *Michelle T.* court referred only to § 28. While there may be circumstances, in addition to those enumerated in *Michelle T.*, that a court may properly take into account in deciding whether to preclude litigation of an issue where the party seeking preclusion was not a party to the prior proceeding, it is unnecessary for us to decide that question on this appeal.

[7] The plaintiff in *Lindas* chose not to seek judicial review of the agency action but instead brought an original 1983 action. *Lindas v. Cady*, 183 Wis. 2d 547, 550, 515 N.W.2d 458, 460 (1994).

which is related to claim preclusion.[8] *Lindas v. Cady*, 175 Wis. 2d 270, 285, 499 N.W.2d 692, 699 (Ct. App. 1993). The supreme court affirmed, but on the basis of issue preclusion, not estoppel by record.

Before beginning its discussion of the various preclusion doctrines, the supreme court in *Lindas* stated, "the application of preclusion doctrines to a given set of facts is a question of law which this court reviews de novo, without deference to lower courts," citing *DePratt v. West Bend Mut. Ins. Co.*, 113 Wis. 2d 306, 334 N.W.2d 883 (1983). *Lindas*, 183 Wis. 2d at 552, 515 N.W.2d at 460-61. *DePratt* involved estoppel by record and claim preclusion, but not issue preclusion. *DePratt*, 113 Wis. 2d at 310, 334 N.W.2d at 885. The *Lindas* court mentioned *Michelle T.* approvingly in describing the modern approach to issue preclusion as a "looser, equities-based" doctrine under which the trial court "consider[s] an array of factors in deciding whether issue preclusion is equitable in a particular case." *Lindas*, 183 Wis. 2d at 558-59, 515 N.W.2d at 463. The court analyzed the factors the *Michelle T.* court mentioned as pertinent to the "fundamental fairness" analysis, but without making it clear whether it was reviewing the trial court's exercise of discretion, exercising discretion itself, or reviewing the issue de novo. *Id.* at 560-61, 515 N.W.2d at 464.

Citing *Lindas*, this court has applied a de novo standard of review to trial court decisions on issue preclusion. *Mayonia M.M. v. Keith N.*, 202 Wis. 2d 461, 465, 551 N.W.2d 31, 33 (Ct. App. 1996) (affirming trial

---

[8] In estoppel by record it is the record in the prior proceeding, rather than the judgment (as in claim preclusion) that bars the subsequent proceeding. *Lindas v. Cady*, 183 Wis. 2d 547, 558, 515 N.W.2d 458, 463 (1994).

court decision that neither claim preclusion nor issue preclusion barred second paternity action against same defendant where first action was brought by district attorney and second by child); *Jensen v. Milwaukee Mut. Ins. Co.*, 204 Wis. 2d 231, 554 N.W.2d 232 (Ct. App. 1996) (affirming trial court's decision that issue preclusion bars passenger-wife's negligence action against truck driver after jury found truck driver not negligent in action by driver-husband); *Amber J.F. v. Richard B.*, 205 Wis. 2d 505, 557 N.W.2d 84 (Ct. App. 1996) (following *Mayonia*, affirming trial court's decisions that second paternity action, when mother brought first action and child second, is not barred by claim preclusion or issue preclusion); *Teacher Retirement Sys. of Texas v. Badger XVI Ltd. Partnership*, 205 Wis. 2d 525, 556 N.W.2d 415 (Ct. App. 1996) (reversing trial court's decision to apply issue preclusion against litigant who was not party or in privity with parties in first proceeding).[9] In none of these cases was the standard of review an issue, as it is in this case.

If *Lindas* conflicts with *Michelle T.* on the proper standard of review of decisions on issue preclusion, then we must follow *Lindas*, the more recent case. *See Bruns Volkswagen, Inc. v. DILHR*, 110 Wis. 2d 319, 324, 328 N.W.2d 886, 889 (Ct. App. 1982). On the other hand, if *Lindas* does not conflict with *Michelle T.* and if *Michelle T.* is controlling, then we must follow *Michelle T.* in spite of decisions of this court to the contrary. *See State v. McCollum*, 159 Wis. 2d 184, 196 n.6, 464 N.W.2d 44, 48 (Ct. App. 1990).

---

[9] In *Teacher Retirement Sys.*, we did not cite *Lindas* directly on the standard of review; we cited *Mayonia*, which cited *Lindas*. *Teacher Retirement Sys.*, 205 Wis. 2d 525, 543, 556 N.W.2d 415, 422 (Ct. App. 1996).

We conclude that although there may be an apparent conflict between *Michelle T.* and *Lindas*, they can be harmonized. The *Michelle T.* court was very explicit in its statement that the fairness analysis underpinning the application of issue preclusion is committed to the trial court's discretion. *Michelle T.*, 173 Wis. 2d at 698, 495 N.W.2d at 335. The *Lindas* court was reviewing a decision that applied claim preclusion and estoppel by record and focused initially on the relationship between, and application of, all three preclusion doctrines—claim preclusion, estoppel by record and issue preclusion. In that context, it made a brief statement on the standard of review, lumping all three doctrines together. However, later in the opinion the *Lindas* court relied extensively on *Michelle T.*'s fairness analysis in applying issue preclusion, using language consistent with the discretionary nature of this analysis: the trial court is to "consider an array of factors in deciding whether issue preclusion is equitable in a particular case." *Lindas*, 183 Wis. 2d at 559, 515 N.W.2d at 463. This description of issue preclusion analysis was repeated in the later case, *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550-51, 525 N.W.2d 723, 727-28 (1995). We are persuaded that the *Lindas* court did not intend to alter the standard of review established in *Michelle T.* for trial court decisions on issue preclusion and that *Michelle T.* is controlling in this case.

We note that although under *Michelle T.* the application of issue preclusion involves the trial court's exercise of discretion in considering various factors to determine fairness, certain of the factors present questions of law. For example, the first factor mentioned in *Michelle T.*—whether the party against whom preclusion is sought could, as a matter of law,

have obtained judicial review of the prior judgment—is a question of law. When reviewing a court's discretionary determination involving a question of law, we review the question of law de novo and reverse if the exercise of discretion is based on an error of law. *See Berg v. Marine Trust Co.*, 141 Wis. 2d 878, 887, 416 N.W.2d 643, 647 (Ct. App. 1987).

We also note that the standard of review of a particular decision on issue preclusion may be affected by the context in which its application is sought. When it is applied against a litigant who was not a party to the prior proceeding, that litigant's right to due process is violated if the litigant did not have sufficient identity of interests with a party to the prior proceeding. *Mayonia*, 202 Wis. 2d at 469, 551 N.W.2d at 35. The threshold issue of whether such a litigant was in privity or had sufficient identity of interests to comport with due process presents a question of law. *See Jocz v. LIRC*, 196 Wis. 2d 273, 304, 538 N.W.2d 588, 598 (Ct. App. 1995) (application of facts to constitutional standard is question of law). Because the litigant against whom issue preclusion was asserted in *Michelle T.* and *Lindas*, as in this case, was a party in the first proceeding, those cases did not address this issue. However, in our four recent cases—*Mayonia, Jensen, Amber* and *Teacher Retirement Sys.*—the litigants against whom issue preclusion was asserted had not been parties in the prior proceedings. Therefore, in each of those cases we were presented with the legal issue of whether the litigant had sufficient identity of interests such that issue preclusion would not violate the litigant's right to due process. Our review of that issue was therefore

properly de novo, although we relied on *Lindas* for our
de novo review standard.[10]

*Exercise of Discretion*

■

Following *Michelle T.*, we review the trial court's
decision in this case as an exercise of discretion. We
conclude that the court properly exercised its
discretion in deciding not to preclude Ambrose from
litigating the issue of whether he was driving at the
time of the accident.

In support of his claim that he received inadequate
representation in the OWI proceeding, Cook presented
evidence that the testimony of two witnesses, which
supported his claim that he was not driving, was not
presented in the OWI proceeding and that neither his
medical records nor those of Ambrose were in evidence
although they were relevant. Cook also presented
evidence that his attorney in the OWI proceeding
advised him that he did not need a jury; that although
his attorney was instructed to appeal, Cook learned
after the time for appeal had run that no appeal had
been filed; and that the attorney was subsequently
disbarred. Cook provided the trial court with the
transcript of the OWI proceeding, which the court read.

---

[10] Except in *Teacher Retirement Sys. of Texas v. Badger XVI
Ltd. Partnership*, we did not distinguish in our four recent cases
between the question of whether the due process rights of the
litigant (not a party to the prior proceeding) would be violated if
precluded, and the question whether, if the identity of interests
was sufficient to avoid a due process violation, the trial court
properly exercised its discretion in applying or not applying
issue preclusion based on a fairness analysis. *See Teacher
Retirement Sys.*, 205 Wis. 2d 525, 542-46, 556 N.W.2d 415, 422-
24 (Ct. App. 1996).

In its decision, the trial court correctly noted that *Michelle T.* was controlling and that it was to determine whether the application of issue preclusion in this case would be fair. It understood that mutuality of parties was not necessary, in other words, that it could apply issue preclusion even though Ambrose, who sought to apply it against Cook, was not a party to the OWI proceeding.

The trial court stated that it did not consider the lack of a jury trial in the OWI proceeding to be significant, nor the subsequent disbarment of Cook's counsel. It acknowledged that one of the two witnesses who did not testify at the OWI proceeding was Cook's mother, and that because of her relationship to Cook there might be a credibility issue concerning her testimony. However, the court was very concerned that the testimony of the second witness and the medical evidence had not been introduced at the OWI proceeding. For that reason, although it recognized the policy of efficiency in judicial administration that favored issue preclusion, the court decided that it would be "fundamentally unfair" to preclude Cook from litigating the issue of who was driving.

We conclude that the trial court did not erroneously exercise its discretion. The trial court applied the correct law, considered the relevant facts of record, and applied a reasoning process to reach a reasonable result. As the court correctly noted, the policy favoring application of issue preclusion in this case is efficient judicial administration.[11] However, the court could reasonably determine that fairness considerations regarding Cook outweighed that policy.

---

[11] We note that since Ambrose did not have to litigate the issue previously, fairness to Ambrose is not a consideration in this case.

We agree with Ambrose that certain of the *Michelle T.* factors—for example, the higher burden of proof in the OWI proceeding and identity of the factual issue in each proceeding—favor issue preclusion.[12] However, the RESTATEMENT section, on which the *Michelle T.* court relied for its list of five factors, presents five sets of circumstances, in the alternative, which are exceptions to the rule of issue preclusion. RESTATEMENT (SECOND) JUDGMENTS § 28 at 273 (1982).[13] The court here could reasonably conclude that the

---

[12] Ambrose also argues that, since Cook as a matter of law could have appealed the OWI conviction, the first *Michelle T.* factor also favors issue preclusion. The trial court did not specifically address Cook's affidavit averring that his attorney was instructed to appeal but failed to do so. However, the trial court could reasonably consider that this fact weighed against the application of issue preclusion.

[13] RESTATEMENT (SECOND) OF JUDGMENTS § 28 (1982) provides:

> Exceptions to the General Rule of Issue Preclusion. Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
>
> (1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action; or
>
> (2) The issue is one of law and (a) the two actions involve claims that are substantially unrelated, or (b) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws; or
>
> (3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them; or
>
> (4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has

failure to introduce relevant evidence in the OWI proceeding adversely affected the quality of that proceeding such that it would be fundamentally unfair to apply issue preclusion, in spite of other factors favoring its application.

*By the Court.*—Judgment affirmed.

shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action; or

(5) There is a clear and convincing need for a new determination of the issue (a) because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action, (b) because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action, or (c) because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action.