Ericka CLARK, individually and as Special Administrator of the Estate of Sandra G. Clark, Deceased, Nathan Clark, by his Guardian ad Litem, Jerome Hierseman, and Johnson International, Inc., Plaintiffs-Respondents,

v.

Devin R. MUDGE, M.D., St. Paul Fire & Marine Insurance Company and Patients Compensation Fund, Defendants-Appellants.†

Court of Appeals

*No. 99–0082. Submitted on briefs May 4, 1999.—Decided June 23, 1999.*

(Also reported in 599 N.W.2d 67.)

†Petition to review denied.

On behalf of the defendants-appellants, the cause was submitted on the brief of *James R. Gutglass* and *Susan Van Schaik* of *Gutglass, Erickson & Bonville, S.C.* of Milwaukee.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Jerome A. Hierseman* of *Gray & End* of Milwaukee.

On behalf of the Attorney General's Office a brief was filed by *James E. Doyle,* attorney general, and *John S. Greene*, assistant attorney general.

Before Brown, Nettesheim and Anderson, JJ.

45

NETTESHEIM, J. The issue on appeal is whether the trial court erred in granting a motion filed by Ericka Clark, Nathan Clark and Johnson International, Inc. (the Clarks) for the voluntary dismissal of their wrongful death suit against Devin R. Mudge, M.D., his insurer, St. Paul Fire and Marine Insurance Company and Patients Compensation Fund (Mudge). The Clarks requested a voluntary dismissal in order to avail themselves of the increased damage caps for loss of society and companionship following the amendment of § 895.04(4), STATS., by 1997 Wis. Act 89.[1]

Mudge appeals the trial court order granting the Clarks's request. He argues that the trial court failed to apply the proper standard to the Clarks's motion to dismiss, that the retroactive application of the increased cap is unconstitutional, that he has been aggrieved by the court's decision and that the issue is ripe for resolution. We conclude that the trial court did not erroneously exercise its discretion by granting the Clarks's motion for voluntary dismissal. Assuming arguendo that Mudge has been aggrieved by the trial court's order and, thus, has standing to appeal, we further conclude that Mudge's remaining arguments

---

[1] The current version of § 895.04(4), STATS., provides:

Judgment for damages for pecuniary injury from wrongful death may be awarded to any person entitled to bring a wrongful death action. Additional damages not to exceed $500,000 per occurrence in the case of a deceased minor, or $350,000 per occurrence in the case of a deceased adult, for loss of society and companionship may be awarded to the spouse, children or parents of the deceased, or to the siblings of the deceased, if the siblings were minors at the time of the death.

Prior to the amendment, § 895.04(4), STATS., 1995–96, provided that "[a]dditional damages not to exceed $150,000 for loss of society and companionship may be awarded to the spouse, children or parents of the deceased."

are not ripe for resolution.[2] We affirm the trial court's order.

## *FACTS*

Mudge performed surgery on Sandra G. Clark on November 3, 1995. Sandra died four days later on November 7, 1995. On December 23, 1997, the Clarks filed suit against Mudge alleging wrongful death and medical malpractice.

On April 13, 1998, after this action was commenced, the legislature enacted 1997 Wis. Act 89, which amended § 895.04(4), STATS., increasing the limitation on recovery for loss of society and companionship from $150,000 to $350,000 in a case involving the death of a deceased adult. The increased caps applied to all actions commenced on or after the date of enactment, April 13, 1998. *See* 1997 Wis. Act 89, § 4. On August 24, 1998, the Clarks filed a motion requesting an order "allowing them to voluntarily dismiss [the] action with-

---

[2] The Clarks moved for dismissal of Mudge's appeal on the basis that the trial court's order for voluntary dismissal was nonfinal. In an order dated February 12, 1999, we rejected the Clarks's argument. However, we instructed the parties to brief the further issue of whether Mudge was aggrieved by the trial court's order such that he has standing to appeal. Because we conclude that Mudge's arguments are not ripe for judicial determination, we do not resolve whether Mudge was sufficiently aggrieved to have standing. *See Tellurian U.C.A.N., Inc. v. Goodrich*, 178 Wis. 2d 205, 218, 504 N.W.2d 342, 348 (Ct. App. 1993) ("A justiciable controversy exists when (1) a claim of right is asserted against one who has an interest in contesting it, (2) the controversy is between persons whose interests are adverse, (3) the party seeking relief has a legally protectible interest in the controversy, *and (4) the issue involved is ripe for judicial determination.*" (emphasis added)).

out prejudice so that the matter can be refiled as an identical action in order to take advantage of the increase in the wrongful death damage cap for loss of society and companionship." Mudge opposed the motion contending that a voluntary dismissal would result in an unconstitutional retroactive application of the amendment.

The trial court held a hearing on September 28, 1998. The court considered the Clarks's request in light of § 805.04(2), STATS., which governs voluntary dismissals. The court stated: "Here we are in the beginning of the case and it does not appear that judicial economy will be harmed as the Court has not yet invested substantial time in this matter, nor is it likely that there will be substantial delay in having this matter tried. . . . [B]ecause I do not find that it is unfair to the defendants and do not find that they will be prejudiced, the Court grants the [Clarks's] motion . . . ." The court determined that any issue with respect to the increased damages cap could be addressed by the circuit court assigned to hear the Clarks's refiled action. The court additionally ordered the Clarks to compensate Mudge for the time and expense of answering a new complaint.

Mudge appeals.

## DISCUSSION

Section 805.04(2), STATS., provides that the trial court may grant a plaintiff's motion for voluntary dismissal upon such terms and conditions as the court deems proper. The basic purpose of § 805.04(2) is to

> freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced. The rule allows the plain-

tiff to withdraw his action from the court without prejudice to future litigation. Allowing the court to attach conditions to the order of dismissal prevents defendants from being unfairly affected by such dismissal.

*Dunn v. Fred A. Mikkelson, Inc.*, 88 Wis. 2d 369, 377, 276 N.W.2d 748, 751 (1979) (quoted source omitted).

██

The decision to grant or deny a motion for voluntary dismissal under subsec. (2) is committed to the trial court's discretion.[3] *See id.* Factors to consider when reviewing a motion for voluntary dismissal include: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on the plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *See D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (quoted source omitted).

Mudge argues that the trial court's decision reflects an erroneous exercise of discretion because the court failed to address his argument that the voluntary dismissal exposes him to an unconstitutional retroactive application of the increased caps under the new law. Mudge invites this court to issue a declaratory judgment regarding the constitutionality of the new statute as applied to him. However, at this point, Mudge's concerns focus only on his potential financial exposure and the possibility that the jury's verdict will

---

[3] Section 805.04(2), STATS., is the Wisconsin equivalent to Rule 41(a)(2) of the Federal Rules of Civil Procedure. *See Dunn v. Fred A. Mikkelson, Inc.*, 88 Wis. 2d 369, 377, 276 N.W.2d 748, 751 (1979).

permit a recovery in excess of the preamendment caps. These are issues which have yet to play out in the second action.

**[2]**

Claims based on future or hypothetical facts are not ripe for judicial determination. *See State v. Armstead,* 220 Wis. 2d 626, 631, 583 N.W.2d 444, 447 (Ct. App. 1998), *review denied,* 224 Wis. 2d 264, 590 N.W.2d 490 (1999); *Estate of Schultz v. Schultz,* 194 Wis. 2d 799, 810, 535 N.W.2d 116, 120 (Ct. App. 1995) (hypothetical events which have not yet come to pass are not ripe for judicial determination). It is well established that courts should not decide the constitutionality of a statute absent exceptional circumstances. *See Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51 (1981). While the trial court expressed some reservations about the retroactive application of the increased cap, we agree with its determination that Mudge's arguments are not yet ripe for resolution. Nothing in the trial court's order granting the voluntary dismissal precludes Mudge from litigating his constitutional challenge in any future action. In fact, the court expressly recognized that such a challenge could be mounted in such an action.

■

Thus, we review this case on traditional misuse of discretion grounds. When reviewing a trial court's discretionary determination involving a question of law, we review the question of law de novo and reverse if the exercise of discretion is based on an error of law. *See Ambrose v. Continental Ins. Co.,* 208 Wis. 2d 346, 356, 560 N.W.2d 309, 313 (Ct. App. 1997). We affirm if the trial court applied the proper law to the relevant facts of record and used a rational process to arrive at a reasonable result. *See id.* at 350, 560 N.W.2d at 311.

In making its decision, the trial court cited to the applicable statute and case law governing a voluntary dismissal. The court then addressed all of the relevant factors bearing upon the Clarks's request. The court noted that: (1) the motion for voluntary dismissal was filed less than one year after the action had been commenced; (2) the motion was not brought for purposes of harassment but rather for a legitimate purpose (to pursue the higher damages caps); (3) discovery "[had] not substantially progressed;" (4) the court had not, as yet, invested substantial time in the case; and (5) the existing trial date was "optimistic" because an additional defendant might be added to the case. Finally, we note that the court ordered the Clarks to compensate Mudge in the amount of $1000 for expenses related to responding to the new action.

The trial court's decision represents a proper exercise of judicial discretion. The trial court applied the correct law to the facts of record. The court's decision represents a reasonable result based on a rational thought process.

### *CONCLUSION*

We hold that the trial court did not err by declining to address Mudge's constitutional challenge at this time. Thus, we limit our inquiry to whether the trial court properly exercised its discretion in granting the Clarks's motion for voluntary dismissal. We conclude that it did. We affirm the order.

*By the Court.*—Order affirmed.