BANK ONE WISCONSIN, f/k/a Bank One Milwaukee,
Plaintiff-Appellant,

v.

Robert H. KAHL and Kay F. Kahl, Defendants-
Respondents.

Court of Appeals

*No. 02–0835. Submitted on briefs October 29, 2002.—Decided
November 12, 2002.*

2002 WI App 312

(Also reported in 655 N.W.2d 525.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Penny G. Gentges* of *Bass & Moglowski, S.C.* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Benjamin D. LaFrombois* of *LaFrombois Law Office, LLC*.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Bank One Wisconsin, f/k/a Bank One Milwaukee, appeals an order reinstating a foreclosure judgment entered against Robert and Kay Kahl, obtained upon default. Believing there was sufficient equity in the Kahls' home to satisfy the debt, Bank One did not seek a deficiency judgment. After the court entered the default judgment, Bank One learned the terms of a senior mortgage on the Kahls' home greatly reduced the believed amount of equity. Eighteen months later, Bank One moved to vacate the judgment

and the trial court granted the motion. The Kahls then moved to reverse the order vacating the judgment, arguing Bank One had not brought the motion in a timely manner. The court agreed and reversed its order. It then reentered the original foreclosure judgment because Bank One had waited more than a year before seeking relief from the foreclosure, contrary to certain provisions of Wis. Stat. § 806.07.[1]

¶ 2. On appeal, Bank One argues it had a statutory right to dismiss the foreclosure judgment because the Kahls never filed a responsive pleading under Wis. Stat. § 805.04, and the court erred by applying Wis. Stat. § 806.07. In the alternative, it contends the court should have vacated the foreclosure judgment under other provisions of § 806.07 not subject to the one-year time limit.

¶ 3. We determine Bank One did not have a statutory right to dismiss the foreclosure judgment. In addition, we conclude the trial court properly determined Bank One was barred from seeking relief from the judgment because it waited more than a year to seek that relief. Therefore, we affirm the trial court's order reinstating the foreclosure judgment.

## BACKGROUND

¶ 4. The facts are undisputed. Bank One began foreclosure proceedings against the Kahls in August 1999. Bank One held a $30,000 mortgage on the Kahls' home, junior to a United States Department of Agriculture mortgage with a stated value of $49,000. Bank One did not seek a deficiency judgment, believing there was enough equity in the Kahls' home, valued at $80,000.

---

[1] All statutory references are to the 1999–2000 edition unless otherwise indicated.

The Kahls did not file any responsive pleadings or otherwise appear or contest the foreclosure. The court granted Bank One a default foreclosure judgment on November 3, 1999.

¶ 5. After the court entered judgment, Bank One learned the payoff amount of the USDA mortgage was more than $71,000. On May 21, 2001, Bank One petitioned the trial court to vacate the judgment and dismiss the foreclosure action so that the Bank could refile and seek a deficiency judgment. The court granted the motion.

¶ 6. In June 2001, the Kahls filed a motion to set aside the order, arguing Bank One's motion was untimely under WIS. STAT. § 806.07(1)(a) and (1)(c) because the bank had waited more than a year to seek relief. Bank One argued it had a right to dismiss the judgment under WIS. STAT. § 805.04(1) because the Kahls had never filed a responsive pleading. In the alternative, the bank argued if § 806.07 applied, the court should resolve the matter under subsections (1)(g) and (1)(h), which do not have the one-year limitation. The court granted the Kahls' motion.

¶ 7. Bank One filed a motion to reconsider. The trial court denied the motion, determining WIS. STAT. § 806.07, not WIS. STAT. § 805.04(1), applied. It further concluded that § 806.07(1)(a) and (1)(c) applied and therefore Bank One was required to have filed its motion within a year of the original judgment. Finally, the court refused to grant relief from the judgment under subsections (1)(g) and (1)(h). Bank One appeals.

## DISCUSSION

¶ 8. Bank One first argues that Wis. Stat. § 805.04(1) grants it an absolute right to dismiss the foreclosure judgment without the court's approval. Section 805.04(1) provides:

**Voluntary dismissal: effect thereof. (1)** By PLAINTIFF; BY STIPULATION. An action may be dismissed by the plaintiff without order of court by serving and filing a notice of dismissal at any time before service by an adverse party of responsive pleading or motion or by the filing of a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is not on the merits, except that a notice of dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court an action based on or including the same claim.

¶ 9. Bank One argues the Kahls never filed a responsive pleading in the action and therefore Wis. Stat. § 805.04(1) allows it to dismiss the judgment. In response, the Kahls contend § 805.04(1) does not apply in this case because the statute applies only to the early stages of legal proceedings. Whether a statute applies to the undisputed facts is a question of law that we review de novo. *State v. Wilke*, 152 Wis. 2d 243, 247, 448 N.W.2d 13 (Ct. App. 1989).

¶ 10. We conclude Wis. Stat. § 805.04(1) does not apply in this situation. The purpose of this statute allowing the plaintiff to unilaterally dismiss a complaint is to facilitate voluntary dismissals, but to limit them to the early stages of proceedings. *Gowan v. McClure*, 185 Wis. 2d 903, 913, 519 N.W.2d 692 (Ct. App. 1994). The statute allows dismissal only if no

adverse party has filed a responsive pleading. WIS. STAT. § 805.04(1). While it is true the Kahls never filed a response to Bank One, the entry of judgment against the Kahls precludes the application of the statute. The statute only applies to dismissals, it does not address vacating judgments. Once judgment is entered, there is no "action" to dismiss.

¶ 11. Bank One also argues WIS. STAT. § 805.04 should apply because its purpose is to permit plaintiffs to "voluntarily dismiss an action so long as no other party will be prejudiced." *Clark v. Mudge*, 229 Wis. 2d 44, 48, 599 N.W.2d 67 (Ct. App. 1999). In *Clark*, we determined it was not error for a trial court to allow plaintiffs to withdraw their wrongful death claims so they could refile and take advantage of an increase in statutory damage limits for loss of society and companionship. *Id.* at 51. Bank One specifically points to the factors we considered in upholding the motion in *Clark*, such as the short time between the original filing and the motion, the early stage of the proceeding, and the fact the motion was not brought to harass the defendants. *See id.* Bank One argues similar factors in this case weigh in favor of allowing it to dismiss the case.

¶ 12. We are not persuaded. *Clark* addresses WIS. STAT. § 805.04(2), which allows the plaintiff to request the trial court dismiss the action. Bank One is contending it had an absolute right to terminate the proceeding under § 805.04(1) regardless of the court's approval. In any event, both § 805.04(2) and *Clark* address situations involving the early stages of proceedings and are inapplicable in this case because at the time Bank One brought its motion, the court had already entered judgment. Bank One's motion was to vacate the foreclosure judgment. Section 805.04 only addresses dismissals of actions and, therefore, does not apply.

¶ 13. Instead, the trial court correctly concluded Wis. Stat. § 806.07 applied to this situation. This statute reads, in relevant part:

**Relief from judgment or order. (1)** On motion and upon such terms as are just, the court, subject to subs. (2) and (3), may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

(a) Mistake, inadvertence, surprise, or excusable neglect;

(b) Newly-discovered evidence which entitles a party to a new trial under s. 805.15(3);

(c) Fraud, misrepresentation, or other misconduct of an adverse party;

(d) The judgment is void;

(e) The judgment has been satisfied, released or discharged;

(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;

(g) It is no longer equitable that the judgment should have prospective application; or

(h) Any other reasons justifying relief from the operation of the judgment.

**(2)** The motion shall be made within a reasonable time, and, if based on sub. (1)(a) or (c), not more than one year after the judgment was entered or the order or stipulation was made. A motion based on sub. (1)(b) shall be made within the time provided in s. 805.16. A motion under this section does not affect the finality of a judgment or suspend its operation. This section does

945

not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding, or to set aside a judgment for fraud on the court.

¶ 14. The court determined WIS. STAT. § 806.07(1)(a) and (1)(c) applied to this situation and because Bank One had brought its motion more than a year after the judgment, it was barred from granting any relief. Bank One contends even if the statute applies, the court erred by not granting relief under § 806.07(1)(g) and (1)(h). We conclude the court correctly determined § 806.07 was the applicable statute, that subsection (a) applied, and did not erroneously exercise its discretion by not granting relief under subsections (1)(g) and (1)(h).[2]

■

¶ 15. WISCONSIN STAT. § 806.07 deals specifically with relief from a judgment. Section 806.07 provides courts with a means to relieve a party from the oppres-

---

[2] In its written order, the trial court found both WIS. STAT. § 806.07(1)(a) and (1)(c) applied. The court, however, only addressed subsection (1)(a) in the transcript of the hearing on Bank One's motion to reconsider. In addition, the record does not suggest either party was accused of fraud, misrepresentation, or other misconduct.

Further, Bank One does not contend the trial court erroneously exercised it discretion by granting relief under WIS. STAT. § 806.07(1)(a) or (1)(c), only that the court should not have applied the statute at all. A court's decision to grant relief under § 806.07 is reviewed for an erroneous exercise of discretion. *Eau Claire County v. Employers Ins.*, 146 Wis. 2d 101, 109–10, 430 N.W.2d 579 (Ct. App. 1988). Based on the foregoing considerations, along with our conclusion the court properly applied subsection (1)(a), we do not address the court's finding regarding subsection (1)(c).

sion of a final judgment. *Eau Claire County v. Employers Ins.*, 146 Wis. 2d 101, 109–10, 430 N.W.2d 579 (Ct. App. 1988). This statute, as opposed to WIS. STAT. § 805.04, contemplates court action after judgment has been entered. Bank One claims that only persons against whom judgment has been entered may seek relief under § 806.07. We are not persuaded. The statute allows relief to "a party or legal representative." While in most cases the petitioning party will be the one on the losing side of a judgment or order, we do not read the statute to limit relief to that party only. Here, Bank One is asking to be relieved from the judgment. This request falls squarely within § 806.07(1)'s language.

¶ 16. In addition, the trial court properly applied WIS. STAT. § 806.07(1)(a) to the facts of this case. Bank One admits the foreclosure judgment was sought on its mistaken belief that the Kahls owed less on the USDA mortgage than they actually did. The statute, however, allows courts to grant relief from a judgment based on mistake only if the motion was brought within a year of the original judgment. Here, Bank One waited eighteen months to bring the motion. The court could not grant relief under § 806.07(1)(a).

¶ 17. We also determine the trial court did not erroneously exercise its discretion by denying Bank One relief under WIS. STAT. § 806.07(1)(g) and (1)(h). Motions under § 806.07 are directed to the discretion of the trial court and we will not disturb this discretion unless it is erroneously exercised. *Eau Claire Cty.*, 146 Wis. 2d at 109. Subsection (1)(g) allows the court to grant relief based on its equitable powers, and applies only to equitable actions. *Nelson v. Taff*, 175 Wis. 2d 178, 188, 499 N.W.2d 685 (Ct. App. 1993). A mortgage

foreclosure is an equitable proceeding. *Frick v. Howard*, 23 Wis. 2d 86, 96, 126 N.W.2d 619 (1964). Subsection (1)(h) is the statute's "catch-all" provision. In exercising its discretion under subsection (1)(h), the court should consider factors relevant to the competing interests of finality of judgments and relief from unjust judgments. *Mogged v. Mogged*, 2000 WI App 39, ¶ 13 n.8, 233 Wis. 2d 90, 607 N.W.2d 662. Under both sections, the motion for relief must be brought within a reasonable time. Wis. Stat. § 806.07(2).

■■■

¶ 18. The trial court refused to grant Bank One relief under Wis. Stat. § 806.07(1)(g) and (1)(h) primarily because of the length of time between entry of judgment and the motion to vacate. The court considered eighteen months an unreasonable time, noting Bank One had ample opportunity to seek relief after discovering the mistake but chose to wait. Although it is unclear when Bank One first learned the correct balance of the USDA mortgage, it admits it was "shortly" after judgment. Further, the record reflects the discovery was at least prior to the earliest possible date for the foreclosure sale, which could have taken place on May 3, 2000, but never occurred. *See* Wis. Stat. § 846.101(2) (earliest date for sale of foreclosed property without deficiency judgment is six months after court enters judgment). We conclude the trial court reasonably exercised its discretion when it refused to grant Bank One relief under § 806.07(1)(g) and (1)(h).

■■■■

¶ 19. Finally, we reject Bank One's argument the trial court's decision improperly determined the bank had elected its remedy. The issue under the election of remedies doctrine is whether the party with a choice of several remedies elected to use one and thereby extin-

guished the right to pursue others. *Gaugert v. Duve*, 217 Wis. 2d 164, 173, 579 N.W.2d 746 (Ct. App. 1998). Bank One correctly notes the doctrine of election of remedies is disfavored in Wisconsin and is "confined to cases where the plaintiff may be unjustly enriched, where the defendant has been misled, or the result is otherwise inequitable." *Appleton Chinese Food Serv. v. Murken Ins., Inc.*, 185 Wis. 2d 791, 807, 519 N.W.2d 674 (Ct. App. 1994). We do not, however, view the trial court's decision as forcing Bank One to elect its remedy. The court noted Bank One chose and obtained a particular remedy based on a mistaken belief regarding the USDA mortgage. After learning the mortgage's correct value, however, Bank One chose to do nothing for more than a year. This inaction, not the court's decision, is what limited Bank One's remedies.

*By the Court.*—Order affirmed.