IN RE the TERMINATION OF PARENTAL RIGHTS TO ZA-
CHARY B., a Person Under the Age of 18:†

MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,
Petitioner-Respondent,

v.

KELLI B., Respondent-Appellant. [Case No.
03–0060.]

IN RE the TERMINATION OF PARENTAL RIGHTS TO
NATHANIEL B., a Person Under the Age of 18:†

MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,
Petitioner-Respondent,

v.

KELLI B., Respondent-Appellant. [Case No.
03–0061.]

IN RE the TERMINATION OF PARENTAL RIGHTS TO
MICHAEL B., a Person Under the Age of 18:†

MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,
Petitioner-Respondent,

v.

KELLI B., Respondent-Appellant. [Case No.
03–0062.]

Court of Appeals

† Petition to review granted 6-12-03.

*Nos. 03–0060, 03–0061 and 03–0062. Submitted on briefs March 3, 2003.—Decided March 27, 2003.*

2003 WI App 88

(Also reported in 662 N.W.2d 360.)

416

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Tim Provis*, Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Kerry Sullivan-Flock*, Monroe County Corporation Counsel, Monroe.

Before Vergeront, P.J., Roggensack and Deininger, JJ.

¶ 1. VERGERONT, P.J. Kelli B appeals the order terminating her parental rights to her three sons, contending that the ground of incestuous parenthood, WIS. STAT. § 48.415(7) (2001–02),[1] is unconstitutional as applied to her because she was the victim of her father's incestuous relationship with her. We conclude that the application of § 48.415(7) to Kelli violates her right to substantive due process. We therefore reverse the order terminating her parental rights to her three sons.

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

## BACKGROUND

¶ 2. Kelli was born January 17, 1980. Her three sons are Zachary, born January 11, 1998; Nathanial, born March 24, 1999; and Michael, born February 13, 2001. It is undisputed that Kelli's father, Robert, is the father of her three sons.

¶ 3. In 2001, Robert was charged with first-degree sexual assault of a child for having sexual contact with Kelli when she was younger than thirteen, in violation of WIS. STAT. § 948.02(1), and second-degree sexual assault of a child for having intercourse with Kelli before the age of sixteen in violation of § 948.02(2). These charges were based on statements Kelli made to an investigating officer after the birth of her third son. In the information, the state dropped the first-degree sexual assault charge and added a charge of incest with a child in violation of WIS. STAT. § 948.06(1). Pursuant to a plea agreement, Robert pleaded guilty to the incest charge and to a felony bail jumping charge, and the sexual assault charge was dismissed. The court sentenced him to an indeterminate sentence of ten years on the incest charge and one year, consecutive, on the bail jumping charge.

¶ 4. After Robert was sentenced, the Monroe County Department of Human Services petitioned to terminate the parental rights of both Kelli and Robert to their three sons. Robert subsequently agreed to voluntarily terminate his parental rights, and his rights are not at issue on this appeal.

¶ 5. The petitions seeking to terminate Kelli's parental rights alleged as grounds that the children were in continuing need of protection or services (CHIPS), WIS. STAT. § 48.415(2), and that Kelli had an incestuous relationship with the other parent of her

children. Section 48.415(7). Kelli denied the allegations of the petitions and moved to dismiss the ground under § 48.415(7). This section provides:

> 48.415 **Grounds for involuntary termination of parental rights** . . . . Grounds for termination of parental rights shall be one of the following:
>
> . . . .
>
> **(7)** INCESTUOUS PARENTHOOD. Incestuous parenthood, which shall be established by proving that the person whose parental rights are sought to be terminated is also related, either by blood or adoption, to the child's other parent in a degree of kinship closer than 2nd cousin.

Kelli contended that, as the victim of incest, application of this provision to her violated her right to due process because it interfered with her fundamental right to raise her children and was not narrowly tailored to advance a compelling governmental interest.[2] The trial court denied the motion to dismiss, concluding that a parent does not have a fundamental right to parent a child born of an incestuous relationship. The court stated that at the disposition stage it had the discretion not to terminate parental rights if the parent were providing good care to the child born of an incestuous relationship and the incest was not voluntary.

¶ 6. At the County's request, the court dismissed the CHIPS ground without prejudice, leaving only the ground of incestuous parenthood. Since Kelli requested

---

[2] Kelli also contended that application of this section to her violated her right to equal protection because the ground for termination relating to sexual assault, § 48.415(9), applied only to the perpetrator, not the victim. She does not pursue this issue on appeal.

a jury trial, the question whether Kelli and Robert were related by blood in a degree of kinship closer than second cousins was tried to the jury, and the jury found they were. After a disposition hearing, the court determined that it was in the best interests of all three children to terminate Kelli's parental rights. The court acknowledged that, like the three children, "[Kelli] has been a victim, and she has been damaged . . . ." However, the court concluded that it had to consider the children first. The court determined that, although Kelli had made some progress in dealing with her problems, which included post-traumatic stress disorder, there was still a lot of instability in her life, and it was not in the children's best interests to wait longer to see if Kelli were able to make sufficient progress to become a good parent to the children.

## DISCUSSION

¶ 7. On appeal, Kelli renews her challenge to Wis. Stat. § 48.415(7) on the ground that it violates her right to substantive due process. Whether a statute is constitutional presents a question of law, which we review de novo. *State v Allen M.*, 214 Wis. 2d 302, 313, 571 N.W.2d 872 (Ct. App. 1997). In our analysis, we begin with the presumption that the challenged statute is constitutional, and we resolve any doubts in favor of upholding the constitutionality of the statute. *Id.*

¶ 8. A parent who has a substantial relationship with his or her child has a fundamental liberty interest in parenting the child, and that interest is protected by the substantive due process clause of the Fourteenth Amendment to the United States Constitution. *Mrs. R.*

421

*v. Mr. and Mrs. B.*, 102 Wis. 2d 118, 136, 306 N.W.2d 46 (1981); *L.K. v. B.B.*, 113 Wis. 2d 429, 447–48, 335 N.W.2d 846 (1983). Because termination of parental rights interferes with a fundamental liberty interest, we apply strict scrutiny and require the state to show that termination is narrowly tailored to serve a compelling state interest. *Winnebago County DSS v. Darrell A.*, 194 Wis. 2d 627, 639, 534 N.W.2d 907 (Ct. App. 1995). This standard is satisfied by the requirement that the state establish a parent's unfitness in order to justify termination of parental rights. *Mrs. R.*, 102 Wis. 2d at 136.[3] If a parent is unfit, the state's compelling interest in protecting children from unfit parents warrants termination of parental rights.

¶ 9. We have previously addressed a constitutional challenge to Wis. Stat. § 48.415(7) in a different fact situation. In *Allen M.*, two biological siblings in an incestuous relationship contended that termination of their parental rights to one of their children under § 48.415(7) violated their right to due process and equal protection.[4] 214 Wis. 2d 302. With respect to the due process challenge, we concluded that, because the incest taboo was a deeply rooted tradition, "no fundamental principle of justice is offended when a state determines that siblings, whom it can legitimately bar from marriage, are unfit to provide parenting for the children they produce through their non-marital, incestuous

---

[3] As a component of procedural due process, the state must establish unfitness by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982).

[4] Their parental rights to their oldest child had already been involuntarily terminated. *State v. Allen M.*, 214 Wis. 2d 302, 311, 571 N.W.2d 872 (Ct. App. 1997). During the proceedings regarding their second child, the mother gave birth to another child, apparently fathered by her brother. *Id.*

422

relationship." *Id.* at 315. For that reason, and because of the trial court's statutory authority to decide not to terminate parental rights even if there are grounds under § 48.415(7), we concluded that the siblings' right to due process had not been violated. *Id.* at 315–16.

¶ 10. With respect to the equal protection challenge in *Allen M.*, we rejected the siblings' argument that the state's only compelling interest was preventing genetic mutations, and that interest ended, they asserted, once the child is born, and their argument that their kinship had no impact on their ability to be good parents. *Id.* at 316.[5] We held that the state had a compelling interest in protecting children from the emotional and psychological damage of being raised by incestuous parents and in deterring additional incestuous parenthood by these parents and others, and that Wis. Stat. § 48.415(7) furthered these interests. *Id.* at 320. We also rejected the argument that the statute was over inclusive because by its terms it applies when a parent is a victim of sexual assault or when both parents are unaware of their blood relationship. *Id.* at 321. Similar to our discussion on the due process challenge, we reasoned that, under *B.L.J. v. Polk County DSS*, 163 Wis. 2d 90, 115, 470 N.W.2d 914, 925 (1991), the trial court had the authority to decide that a parent was not actually unfit even though a factfinder had determined that a ground for termination had been established. *Allen M.*, 214 Wis. 2d at 321–22.

---

[5] We employed a strict scrutiny analysis to the equal protection challenge, under which, similar to a strict scrutiny analysis of a substantive due process challenge, a statutory classification that significantly interferes with a fundamental right must be justified by a compelling state interest that is narrowly tailored. *Allen M.*, 214 Wis. 2d at 318.

¶ 11. We do not agree with the County that *Allen M.* is controlling on the facts of this case. In *Allen M.* the parents whose rights were at issue were siblings who were insisting on maintaining their incestuous relationship and raising their child together in that environment. In contrast, the relevant facts in this case are that Kelli was a minor when her father began committing sexual acts with her, their incestuous relationship has terminated, and Kelli has no intention of raising her children with her father as their other parent. We recognize that in *Allen M.* we did consider and reject the argument that WIS. STAT. § 48.415(7) is unconstitutional because it includes persons who might be innocent victims. 214 Wis. 2d at 321–22. However, part of our rationale for doing so was based on portions of *B.L.J.* that have been withdrawn by the supreme court in *Sheboygan Co. DHSS v. Julie A.B.*, 2002 WI 95, 255 Wis. 2d 170, 648 N.W.2d 402.

¶ 12. In *Julie A.B.*, the court held that there were two stages in a TPR proceeding. *Id.* at ¶¶ 36–37. In the first phase, a fact-finder determines if the elements of one of the statutory grounds for termination have been established; at this stage the burden is on the government and the parent "enjoys a full complement of procedural rights." *Id.* at ¶ 24. If the court or jury determines the elements of one of the grounds have been established, WIS. STAT. § 48.424(4) requires the court to determine that the parent is unfit. *Id.* at ¶ 26.[6]

---

[6] The twelve grounds in WIS. STAT. § 48.415 are: (1) Abandonment, (1m) Relinquishment, (2) Continuing need of protection or services, (3) Continuing parental disability, (4) Continuing denial of periods of physical placement or visitation, (5) Child abuse, (6) Failure to assume parental responsibility, (7) Incestuous parenthood, (8) Homicide or solicitation to commit homicide of parent, (9) Parenthood as a result of sexual assault,

If unfitness is found, the second stage is the disposition, at which the focus shifts to the interests of the child, and the best interests of the child is the prevailing factor. *Id.* at ¶ 28, *citing* WIS. STAT. § 48.427(2). The court held that the statutory scheme does not allow for an intermediate stage, as it had suggested in *B.L.J.*, at which the court decides, after the fact-finder has found that a ground exists, whether the parent's unfitness is egregious enough to warrant termination. *Id.* at ¶ 36. The court therefore withdrew that language from *B.L.J.*, and overruled a decision of this court that had relied on that language, *State v. Kelly S.*, 2001 WI App 193, 247 Wis. 2d 144, 634 N.W.2d 120. *Julie A.B.*, 255 Wis. 2d 170 at ¶ 41.

¶ 13. Since in *Allen M.* we relied on the very language in *B.L.J.* that the supreme court withdrew in *Julie A.B.*, we not only may, but must, re-examine the conclusion we reached as a result. *See Ambrose v. Cont'l Ins. Co.*, 208 Wis. 2d 346, 354, 560 N.W.2d 309 (Ct. App. 1996) (when a decision of this court is in conflict with a decision of the supreme court, we must follow the latter). Accordingly, we are not precluded by *Allen M.* from considering whether WIS. STAT. § 48.415(7) is constitutional when applied to Kelli.

¶ 14. The first inquiry is whether Kelli has a fundamental liberty interest in parenting her children. The trial court apparently concluded that she did not because the children were born of an incestuous relationship, but the County does not advance this position

(9m) Commission of a serious felony against one of the person's children, and (10) Prior involuntary termination of parental rights to another child. This section and WIS. STAT. § 48.424(4), read together, show that the legislature intended that each of these grounds constitutes parental unfitness.

on appeal,[7] apparently conceding that Kelli does. Case law clearly establishes that a parent who has had custody of the children and lived with them, as did Kelli, has a fundamental liberty interest. *Mrs. R.*, 102 Wis. 2d at 136. We ourselves have discovered no case that would support the proposition that a parent in Kelli's situation—that is, a parent who was a minor at the time her parent began an incestuous relationship with her and who has a substantial relationship with her children—does not have a fundamental interest in parenting the children born of that incestuous relationship. Accordingly, we conclude that Kelli does have a fundamental liberty interest in parenting her children.

■

¶ 15. The next inquiry is whether WIS. STAT. § 48.415(7) as applied to Kelli is narrowly tailored to advance a compelling state interest that justifies interfering with her fundamental liberty interest in parenting her children. More specifically, the issue is whether the fact of the incestuous parentage of Kelli's children demonstrates that she is an unfit parent. We have described the standard of unfitness as "stringent," explaining,

> To support a finding of unfitness,
>
> "it must appear that the [parent] has 'so conducted himself, or shown himself to be a person of such description, or is placed in such a position, as to render it not merely better for the children, but essential to their safety or to their welfare, in some very serious and important respect, that his rights should be treated as lost or suspended,—should be superseded or interfered with.' "

---

[7] The state made this argument in *Allen M.*, 214 Wis. 2d at 314 n.12, but we did not address it.

*R.D.K. v. Sheboygan County SSD*, 105 Wis. 2d 91, 102, 312 N.W.2d 840 (Ct. App. 1981) (citation omitted; emphasis omitted). We conclude the fact of the incestuous parenthood of Kelli's children in itself does not demonstrate that Kelli is an unfit parent. The distinctions between the facts here and in *Allen M.* aid in explaining why.

¶ 16. As we stated in *Allen M.*, the state has a compelling interest in protecting children from the psychological confusion and emotional damage of being raised by two parents who are engaged in an incestuous relationship. Phrased in terms of unfitness, a parent who subjects his or her child to such an environment is unfit. In this case, there is no evidence that Kelli intends to subject her children to such an environment.

¶ 17. Also as we stated in *Allen M.*, citing a case from another jurisdiction, " the incestuous parent by his actions has demonstrated that the natural, moral constraint of blood relationship has failed to prevent deviant conduct and thus cannot be relied upon to constrain similar conduct in the future. " *Allen M.*, 214 Wis. 2d at 320. (citation omitted.) We conclude this justification is not applicable to a parent who is a minor when his or her parent begins an incestuous relationship with the minor. We expect parents to understand that it is wrong for any number of reasons to have a sexual relationship with their children, and a parent who acts in violation of this standard is morally responsible for that conduct, as well as criminally liable, and may justifiably be considered an unfit parent—to the child in the incestuous relationship as well as to any children born of that relationship. However, the minor child in the incestuous relationship is a victim of his or her parent's wrongful and criminal behavior. Being

427

victimized by one's parent does not warrant the conclusion that the child is an unfit parent of the offspring of the incestuous relationship.

¶ 18. The County points out that the sexual relationship between Kelli and her father continued after she became eighteen, and that at the sentencing of her father, Kelli attempted to assert responsibility for the relationship, denied it had begun before she was seventeen, and denied her father had threatened her or physically abused or threatened her. The County suggests it is therefore not unfair to hold Kelli responsible for the incestuous relationship and find her an unfit parent as a result. We do not agree. First, it is by no means evident that what Kelli said at Robert's sentencing was true. The trial court indicated it did not believe those statements, and the PSI, other information in the criminal proceeding, and evidence at the disposition supports that assessment. Second and more important, the County's argument overlooks the fact that, regardless of when the sexual relationship began and how long it continued, Kelli was a minor when it began. She was therefore a victim of her father's morally and criminally wrongful conduct, and, as the trial court found, she was damaged by it. We reject the contention that her failure to end the relationship once she turned eighteen makes her an unfit parent.

¶ 19. The County also argues that the evidence at the disposition hearing, such as that showing that Kelli did not comply with conditions imposed by the County, demonstrates that she is an unfit parent. The County chose to dismiss the CHIPS ground for termination and to proceed only under WIS. STAT. § 48.415(7). The issue on this appeal is whether that ground, when applied to Kelli, meets the constitutional requirement of a dem-

onstration of unfitness. It is irrelevant in resolving this issue that the County might be able to prove that Kelli is an unfit parent on another statutory ground.

¶ 20. Finally, we do not agree with the County or the trial court that the court's discretion at the disposition stage to decide not to terminate Kelli's parental rights satisfies the requirements of substantive due process. A parent must be found unfit before the court may consider whether it is in the best interest of the child to terminate parental rights. *See Mrs. R.*, 102 Wis. 2d at 136. At the disposition stage, the focus is on the best interests of the child, not on the constitutional rights of the parents. *Julia A.B.*, 255 Wis. 2d 170 at ¶¶ 28–30. The trial court's discretion not to terminate if that is in the child's best interest is not a substitute for the constitutional requirement that the state must prove the parent unfit.

¶ 21. We conclude that the fact that the other parent of Kelli's three sons is her father does not, in itself, make her an unfit parent of those children. Accordingly, the application of WIS. STAT. § 48.415(7) to Kelli and the resulting finding of unfitness violate her right to substantive due process. We therefore reverse the order terminating her parental rights.[8]

*By the Court.*—Order reversed.

---

[8] When a statute is held to be unconstitutional as applied to particular facts, as in this case, the statute may be applied in other contexts. *State v. Konrath*, 218 Wis. 2d 290, 304 n.13, 577 N.W.2d 601 (1998).